**WARNICKE & LITTLER, P.L.C.**
1411 N. Third Street
Phoenix, Arizona 85004
TELEPHONE (602) 256-0400
FAX (602) 256-0345
E-MAIL: administrator@warnickelittler.com
Thomas E. Littler/SBN 006917
Robert C. Warnicke/SBN 015345
Attorneys for Rock Bottom, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2:07-bk-01628-GBN |
| **U. S. AMERICAN STONE AND MINERALS, INC.** | **Date of Hrg.:** 11/06/2009<br>**Time:** 9:00 a.m.<br>**Ct. Rm.:** 702 |
| **Debtor.** | |

### ROCK BOTTOM, LLC'S MEMORANDUM REGARDING STATUS OF DEBTOR'S EXECUTION OF INSTRUMENTS

Rock Bottom, LLC ("Rock Bottom") hereby submits this Memorandum Regarding The Status of Debtor's Execution of Instruments stating the still unresolved issues relating to certain terms therein to which the Debtor still objects. Redline copies of the disputed documents are attached hereto as Exhibit's 1 and 2. Rock Bottom has also submitted a form of order requiring the Debtor to execute these documents by a time certain. Rock Bottom request that the court overrule the Debtor's objections and enter an order requiring the Debtor to execute the attached two documents within five business days.

This Memorandum is contained in the attached Memorandum of Points and Authorities.

DATED this 5th day of November, 2009.

WARNICKE & LITTLER, P.L.C.

By _____
Thomas E. Littler
Robert C. Warnicke
1411 N. Third Street
Phoenix, Arizona 85004
Attorneys for Rock Bottom, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court[1] granted the Debtor's motion for post petition financing by a "Stipulated Order Authorizing Postpetition Loan and Granting Lender Liens and Security Interests in Real Property" on June 22, 2007, Order Dkt #51. The Order provided in pertinent part:

> The Debtor *shall* execute and deliver all such agreements, financing statements, instruments, and other documents *as Lender may reasonably request* to evidence, confirm, validate, or perfect the lien granted pursuant hereto.

June 22, 2007 Order at paragraph G (Emphasis Added)

On July 10, 2009 Rock Bottom filed a "Motion to Enforce the Security Interest or in the Alternative Motion for Order to Debtor to Execute Security Agreements for Financing Order." (Dkt #314) The Debtor opposed the motion. (Dk #403) After a hearing, on August 24, 2009, this Court signed another order requiring the Debtor to execute loan documents for the loan Rock Bottom funded over two years before. The "Order That the Debtor Execute Instruments" ordered, at paragraph 1:

> That the Debtor "shall execute and deliver all such agreements, financing statements, instruments, and other documents as Lender may reasonably request" as described in Paragraph G. of the June 22, 2007.

"Stipulated Order Authorizing Postpetition Loan and Granting Lender Liens and Security Interests in Real Property". (Dkt. #427) This new order required the Debtor, provided a means for the exchange of the documents, and provided for the setting of a hearing on the documents if the parties could not come to an agreement on the form.

At the hearing regarding the documents, the Court sustained many of the Debtor's objections and stated that Rock Bottom "should settle for a garden variety deed of trust. This shall be accomplished in a striped down note and deed of trust." Minute Entry from hearing on October 23, 2009 (Dkt #456). To follow the court's direction, Rock Bottom submitted to the Debtor the attached two documents. These documents are redlines of the documents originally submitted which for the

---

[1] After notice and a hearing, this matter was transferred to this Court on or about April 12, 2007.

most part accepted the Debtor's changes. We believed that accepting the Debtor's changes would be easier for the parties than starting from scratch with a new form.

However, the Debtor still opposes certain provisions in the note and deed of trust we submit are part of any garden variety deed of trust and which are important to protect the lender/beneficiary. The provisions to which the Debtor still objects, and Rock Bottom's position on those provisions are discussed below.

The Deed of Trust

DEBTOR'S OBJECTION[1]: Rock Bottom has inserted several references to the DIP Order that appear to complicate the collateral that is being granted in the deed of trust. Sections affected are 1.8, 2.5, 4.2, and 6.4. Debtor objects to these mentions of the DIP Order because they appear to leave open the issue of what is being granted as collateral. If Rock Bottom wants to rely on the deed of trust in conducting a trustee sale, then the deed of trust should specifically describe the collateral. Debtor believes that this is best accomplished without the references to the DIP Order in those sections.

ROCK BOTTOMS RESPONSE: We disagree. From the earlier objections filed by the Debtor it became clear that there are disputes over what collateral is included. We added this provision for the sole purpose of preserving Rock Bottom's rights in whatever collateral was intended to be given by the financing order. This provision does not harm the Debtor nor add to the collateral, but simply preserves for later argument what was intended by the original order.

DEBTORS OBJECTION: Taxes, section 5.1.2 - Debtor does not agree to include payment of taxes as a covenant. Presumably Rock Bottom will be relying on a payment default in order to conduct a trustee sale. The tax section does not appear to add anything.

RESPONSE: The promise to pay taxes is a common promise in deeds of trust. Attached as

---

[1] The Debtor's Objections are taken from an email from Mr. Harnish dated November 4, 2009 at

Exhibit 3 is a form deed of trust we obtained from Chicago Title which by the way is the same form given by the Debtor to Vineyard Office Plaza (who was the lender on the same collateral that preceded Rock Bottom (and which was paid off by Rock Bottom) and attached as Exhibit 4 is the Deed of Trust the Debtor gave to Vineyard Office Plaza. Both have, at paragraph 4, similar provisions to pay the taxes (see underlined part). This is a standard provision in deeds of trust, even "garden variety" ones, and should be included in the Rock Bottom deed of trust.

DEBTOR'S OBJECTION: Costs, Section 5.1.5 - Debtor does not agree to pay the vague costs mentioned in this section. This section appears to be intended to affect the dispute over the amount due to Rock Bottom, and will have no effect on Rock Bottom foreclosing on the property.

RESPONSE: This is also a typical provision that is found in generic deeds of trust (See underlined sentences in paragraph 11 in Exhibits 3 and 4). There is nothing vague about such costs and this is standard for deeds of trust.

DEBTOR'S OBJECTION: Breach of Provision, Section 6.1.2 - this is a very vague section that does not add anything to Rock Bottom's stated purpose of foreclosing on the property. It also incorporates the DIP Credit Agreement, which the Debtor will not be executing.

RESPONSE: This is also a typical provision that is found in generic deeds of trust (See underlined parts of paragraph 11 in Exhibits 3 and 4).

The Note

DEBTOR'S OBJECTION: Debtor objects to the mention of the DIP Order in the "Promise to Pay" section. Just as in the deed of trust, the vague mention of the DIP Order as a possible source of additional liability on the part of the Debtor only serves to inject uncertainty into the process.

10:24pm.

RESPONSE: Similar to the discussion above regarding the deed of trust, this provision is simply to preserve all rights of Rock Bottom and all of Debtor's obligations under the Financing Order and adds no additional rights or obligations not already ordered.

For all the reasons stated above, Rock Bottom respectfully requests that the objections be overruled and that an order be entered requiring the Debtor to execute the proffered documents within five business days.

DATED this 5th day of November, 2009.

WARNICKE & LITTLER, P.L.C.

By _____
Thomas E. Littler
Robert C. Warnicke
1411 N. Third Street
Phoenix, Arizona 85004
Attorneys for Rock Bottom, LLC

**COPY** of the foregoing emailed this
this 5th day of November, 2009, to:

Christopher H. Bayley, Esq.
Lori Lewis, Esq.
Andrew A. Harnisch, Esq.
SNELL & WILMER, L.P
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Debtor-in-Possession
Plaintiff U. S. American Stone and
Minerals, Inc.

Jonathan E. Hess
Office of the U. S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003

Joyce Lindauer
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
Counsel for Debtor

By _____

**EXHIBIT 1**

When recorded, return to:

[_____.
CLIENT'S ADDRESS]

---

(Space above this line for Recorder's use)

---

## DEED OF TRUST AND ASSIGNMENT OF RENTS
## WITH SECURITY AGREEMENT
## (AND FINANCING STATEMENT—FIXTURE FILING)

THIS **DEED OF TRUST AND ASSIGNMENT OF RENTS WITH SECURITY AGREEMENT** ("Deed of Trust") is executed to be effective as of June 22, 2007, by **U.S. American Stone and Minerals, Inc.**, a Nevada corporation, whose address is _____, as trustor, assignor and debtor (the "Trustor"), to **[Yavapai Title]**, a _____ corporation, whose address is _____, as trustee (the "Trustee"), for the benefit of **Rock Bottom L.L.C.**, a Delaware limited liability company, whose address is _____, as beneficiary, assignee and secured party (the "Beneficiary"). THIS DEED OF TRUST IS ENTERED INTO AS OF THE _____ DAY OF AUGUST, 2009, PURSUANT TO THE FINANCING ORDER (AS DEFINED BELOW) TO BE EFFECTIVE AS OF JUNE 22, 2007 (THE "EFFECTIVE DATE"). References herein to "now" shall mean "as of the Effective Date" and references herein to "hereafter" mean "after the Effective Date".

### WITNESSETH:

1. <u>Grant and Conveyance</u>. Trustor irrevocably grants, conveys, transfers and assigns to Trustee, its successors and assigns, in trust, with power of sale and right of entry and possession, all of Trustor's right, title and interest now owned or hereafter acquired, in and to the following:

1.1 <u>Real Property</u>. Certain real property located in Yavapai County, Arizona, as more particularly described in Exhibit "A" attached and incorporated by this reference (the "Premises");

1.2 <u>Improvements **and Fixtures**</u>. All buildings, ~~structures~~ and **other** improvements ~~of every kind and description now or hereafter located on the Premises (the "Improvements"), all of which Improvements are hereby declared to be for all purposes of this instrument a part of and included within~~**now or hereafter erected in the Premises including, without limitation, fixtures, attachments, appliances, equipment, machinery and other personal property attached to such buildings and other improvements, all of which shall be deemed and considered to be a part of** the Premises;

1.3 ~~Fixtures. All fixtures, equipment and other tangible personal property owned by Trustor now or hereafter located upon or within the Premises; all building supplies and materials and all construction equipment, whether now owned by Trustor or hereafter acquired, and used or intended to be used in construction, repair or maintenance of said Premises; all other equipment, machinery, furnishings and furniture now or hereafter located upon or used at or in the Premises, including without limitation all office equipment, boilers, furnaces, heaters, stoves, ranges, ovens, food processors, gas and electric appliances and fixtures and lighting devices, maintenance equipment, tools, and machinery, refrigerating, heating and other air-conditioning apparatus, lamps, floor and wall coverings, elevators, screens, doors, awnings, blinds, door-coverings, gas and oil tanks and associated equipment, pipes, wires, plumbing, motors, storm windows, built-in furniture, lockers, partitions, sprinkler systems, irrigating systems, water softeners, dishwashers, laundries, garbage disposal units, trash compactors, wells, pumps, pipes, pump motors and pumping equipment, dynamos, incinerators, lawn, plants and shrubbery, signs and advertising~~

10470582.3

~~equipment, counters, display equipment, cabinets, professional equipment and supplies; all additions to and replacements or substitutions for the foregoing, whether or not same shall now or hereafter be attached to the Improvements or Premises; and with respect to all of the foregoing, whether the same is now owned or hereafter acquired or installed, whether similar or dissimilar, the same are hereby declared to be for all purposes of this instrument a part of the Premises (but excluding any such furnishings, furniture and equipment owned by lessees of the Trustor or by lessors leasing the same to Trustor, to the extent of the lessors' ownership interest in the same);~~ 1.4 Appurtenances. All appurtenances, hereditaments, servitudes, rights, easements rights-of-way, privileges, the reversion and reversions, the remainder and remainders, and all other advantages thereunto belonging or in any way appertaining to the Premises (all as part of the Premises hereby conveyed) which shall be deemed to include without limitation all leases, subleases, rental contracts and occupancy agreements which have been or which may hereafter be executed covering all or any part of the Premises, together with all rents and rentals, issues, profits, damages, royalties, revenue and any other income to Trustor from any business conducted by or on behalf or for the monetary benefit of Trustor at or from the Premises ("Property Income"), subject, however, to any license and authority herein given to and conferred upon Trustor to collect and apply such Property Income so long as Trustor is not in default hereunder;

~~1.5~~1.4 Water Rights. All water, irrigation and drainage rights (whether riparian, appropriative or otherwise and whether or not appurtenant) and all electrical users' rights, in or hereafter relating to or used in connection with the Premises; all shares of stock evidencing any such rights; and all fixtures and equipment (whether or not annexed thereto) now or hereafter used for the production or distribution of water or electricity in connection with the use or occupancy of the Premises or for the drainage or supply thereof;

~~1.6~~1.5 Payments. All judgments, awards of damages and settlements hereafter made resulting from condemnation proceedings or the taking or threat of taking of all or any part of the Premises under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to the Premises or any part thereof, or to any rights appurtenant thereto; together with all accounts receivable and other rights to the payment of money, general intangibles, promotional material, market studies, tenant data, and business records arising from or relating to the Premises and the renting, letting or operating thereof, together with all damages, royalties and revenue of every kind, nature and description whatsoever that the Trustor may be entitled to receive from any person or entity whether relating to oil, gas, minerals or otherwise, with the right in the Beneficiary to receive and receipt therefor and apply the same to the indebtedness secured hereby either before or after any default hereunder, but without obligation so to do; and

~~1.7~~1.6 Miscellaneous. To the extent the following have been physically delivered to Trustor and the same are assignable or transferable, all soil reports, engineering plans, site plans, surveys, plans and specifications for the Improvements constructed upon the Premises and all architectural contracts related to such Improvements, and all other contracts, rights, licenses, permits and approvals related to the Improvements, management contracts or agreements, franchise agreements, authorities or certificates required or used in connection with the ownership, construction, operation or maintenance of the Premises which the Trustor may now have or acquire hereafter.

~~1.8~~1.7 Mineral Property or Properties. (a) the fee lands, unpatented and patented mining claims, mining leases and other mineral interests described in Exhibit "A" attached hereto (b) any other interest in, to or relating to (i) all or any part of the land described either in Exhibit "A" or in the documents described in Exhibit "A" or (ii) any of the estates, property rights or other interests referred to above, and (c) any instrument executed in amendment, correction, modification, confirmation, renewal or extension of the same.

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document        Page 8 of 54

_____1.8 Any Personal Property or other collateral provided to Beneficiary pursuant to the Financing Order.

~~1.9     Personal Property. Any personal property in which Trustor grants a security interest to Beneficiary and/or Trustee, either in this Deed of Trust or by separate security agreement which secures the DIP Credit Agreement, the Financing Order or the DIP Loan Documents.~~

2.     Additional Security.

2.1     Assignment of Rents. Subject to the provisions of paragraph 2.2 below, Trustor absolutely and unconditionally assigns and transfers to Beneficiary all the Property Income, whether now due, past due or to become due, and hereby gives to and confers upon Beneficiary the rights, power and authority to collect such Property Income. Subject to the provisions of paragraph 2.2 below, Trustor irrevocably appoints Beneficiary as Trustor's true and lawful attorney, at the option of Beneficiary at any time, to demand, receive and enforce payment, to give receipts, releases, and satisfactions, and to sue, either in the name of Trustor or in the name of Beneficiary, for all such Property Income and apply the same to the indebtedness secured hereby. It is understood and agreed that neither the foregoing assignment of Property Income to Beneficiary nor the exercise by Beneficiary of any of its rights or remedies under this paragraph 2.1 or under paragraphs 6.5 or 2.2 hereof shall be deemed to make Beneficiary a "mortgagee-in-possession" or a "beneficiary-in-possession" or otherwise responsible or liable in any manner with respect to the Property or the use, occupancy, enjoyment or operation of all or any portion thereof, unless and until Beneficiary, in person or by agent, assumes actual possession thereof, nor shall appointment of a Receiver for the Property by any court at the request of Beneficiary or by agreement with Trustor or the entering into possession of the Property or any part thereof by such receiver be deemed to make Beneficiary a "mortgagee-in-possession" or a "beneficiary-in-possession" or otherwise responsible or liable in any manner with respect to the Property or the use, occupancy, enjoyment or operation of all or any portion thereof. Beneficiary shall expressly have all rights provided for in A.R.S. § 33-702(B) and 33-807 or such similar provisions as may be enacted hereafter.

2.2     License For Collection of Rents. Notwithstanding anything to the contrary contained herein or in the Contract secured hereby, so long as no default by Trustor in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement contained in ~~the DIP Credit Agreement,~~ this Deed of Trust, the Financing Order or the DIP Loan Documents, shall exist and be continuing, Trustor shall have the license and authority to collect all Property Income and to retain, use and enjoy the same.

2.3     ~~Security Interest in Personal Property.~~

~~2.3.1   The indebtedness and the performance of the obligations secured by this Deed of Trust are also secured by a security interest in all of Trustor's furnishings, fixtures, equipment, building materials, machinery, tools and other tangible and intangible personal property and rights included within the Property or used upon, in or about the Premises, as described in paragraphs 1.3 through 1.7 and paragraph 1.9 above and all minerals severed and extracted from or attributable to the Mineral Properties described in paragraph 1.8 above. Trustor hereby grants Beneficiary a valid security interest therein, together with all replacements thereof, additions thereto, and the proceeds and products thereof. Trustor agrees that all property of every nature and description covered by the lien and charge of this Deed of Trust, together with all such property and interests covered by such security interest, are encumbered as a unit, and upon default by Trustor hereunder, or under any security or other agreement now or hereafter securing the indebtedness hereby secured, at Beneficiary's option, may be foreclosed upon or sold in the same proceedings or at the same time, as one unit as a going business and not in lots or parcels, or separately or in lots or parcels, at Beneficiary's sole option. Trustor hereby authorizes~~

~~Beneficiary to prepare, execute and file any financing statement Beneficiary deems appropriate to perfect Beneficiary's security interest granted in this Deed of Trust. The filing of any financing statement relating to any such property or rights or interests will not be construed to diminish or alter any of Beneficiary's rights hereunder. Trustor's execution of a separate security agreement shall be cumulative with the security interest granted hereby and Beneficiary may elect to enforce this security interest or the security interest granted by the security agreement, or both, independently or together. If Trustor changes its name or identity, Trustor shall immediately notify Beneficiary, and Trustor shall at its expense execute and record and file, as appropriate, all necessary change forms to all financing statements.~~

2.3.2 Trustor, as debtor, hereby grants to Beneficiary, as secured party, a security interest in, and lien on, all insurance policies required to be maintained by Trustor hereunder, including, without limitation, all liability and fire and extended coverage policies required by paragraph 5.4, together with all general intangibles, contract rights and accounts arising therefrom and all proceeds, additions, accessions and substitutions thereto or therefor. Trustor, as debtor, further hereby grants to Beneficiary, as secured party, a security interest in, and lien on, all proceeds of any judgment, award or settlement in any condemnation or eminent domain proceeding, or in settlement or in lieu thereof, together with all general intangibles, contract rights and accounts arising therefrom.

~~2.3.3 Upon any default hereunder, Beneficiary shall have and may exercise all rights and remedies provided herein, in addition to all other rights and remedies of a secured party under the Arizona Uniform Commercial Code. Any public or private disposition of collateral may be conducted by an employee or agent of Beneficiary or Trustee. Any person, including both Trustor and Beneficiary, shall be eligible to purchase all or any part of the collateral at any such disposition. Reasonable and necessary expenses of retaking, holding, preparing for sale, selling or the like shall be borne by Trustor and shall include Beneficiary's and Trustee's reasonable attorneys' fees and other legal expenses. Trustor, upon demand of Beneficiary, shall assemble such personal property collateral and make it available to Beneficiary at a place which is reasonably convenient to Beneficiary and Trustor. Beneficiary shall give Trustor at least 10 days' prior written notice of the time and place of any public sale or other disposition of such property or of the time of or after which any private sale or any other intended disposition is to be made, except for any perishable collateral, which may be sold sooner, and if such notice is sent to Trustor, as the same is provided for the mailing of notices herein, it is hereby deemed that such notice shall be and is reasonable notice to Trustor.~~

2.4   <u>Fixture Filing</u>. Upon recording in the records of Yavapai County, Arizona, this Deed of Trust shall also constitute a financing statement and a fixture filing.

2.5   Any Collateral which Beneficiary is entitled to pursuant to that certain Stipulated Order Authorizing Postpetition Loan and Granting Lender Liens and Security Interest In Real Property.

~~3. Warranty of Title. All real or personal property granted, conveyed, transferred and assigned to Trustee under this Deed of Trust or which is assigned to Beneficiary or in which Beneficiary is granted a security interest is referred to in this Deed of Trust and the other Loan Documents in its entirety as the "Property." Trustor warrants that it is well and truly seized of the Property free and clear of all liens and encumbrances, and that Trustor shall forever warrant and defend the same unto Beneficiary, its successors and assigns, against all claims whatsoever by, through or under Trustor, but not otherwise: subject, however, to the license and authority conferred upon Trustor to collect and apply Property Income subject to the rights of Beneficiary thereto, and subject to those matters shown on Exhibit "B" hereto (the "Permitted Liens"). Trustor agrees that any greater title to the Property hereafter acquired by Trustor during the term of this Deed of Trust shall be subject to this Deed of Trust. This Deed of Trust is free from all rights and benefits under the homestead exemption and valuation laws of any state, and Trustor hereby releases and waives all such rights and benefits.~~

3.   [Intentionally omitted].

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document     Page 10 of 54

4.  Obligations Secured.  Trustor has the right and is duly authorized to encumber the Property, and this Deed of Trust is executed and delivered for the purpose of securing:

4.1  ~~DIP Credit Agreement.  Payment of Trustor's obligations set forth in that certain Debtor-in-Possession Credit Agreement dated effective as of June 22, 2007 (plus any future amendments thereto, and all renewals, extensions, modifications and replacements thereof(the "DIP Credit Agreement"), which is incorporated herein by reference, and of all costs and attorneys' fees as provided therein;~~

~~4.2  Advances.  Payment of all further advances, with interest thereon, which may be made by Beneficiary to Trustor under the DIP Credit Agreement, as well as all other sums herein agreed or provided to be paid by Trustor or advanced hereunder by Beneficiary and to be secured hereby, all of which are declared to be a lien on the Property and secured hereby;~~  4.3  Financing Order.  Payment, performance and discharge of all covenants and obligations of Trustor under that certain Order entered by the United States Bankruptcy Court for the District of Arizona on **June 22, 2007** in the case of In re American Stone and Minerals, Inc., case no. 2:07-bk-01628-GBN (the "Bankruptcy Case")(plus any future amendments thereto) (the "Financing Order"); and

4.~~4~~.2  DIP Loan Documents.  Payment, performance and discharge of all covenants, obligations and agreements of Trustor pursuant to this Deed of Trust, ~~any other agreements relating to the DIP Credit Agreement, and all other security instruments or agreements now or hereafter securing the indebtedness hereby secured (all such instruments and any other agreements given as security for the indebtedness evidenced by the Contract being herein collectively referred to as the "Contract Documents");~~4.5  ~~Term Note.  Payment, performance and discharge of all covenants, obligations, and promises in that certain~~the Term Note from Trustor to Beneficiary, the **Financing Order, and any other agreements relating thereto;**

5.  Trustor's Agreements.  Trustor covenants and agrees as follows:

5.1  Payments.  To pay and discharge promptly when due:

5.1.1  Debt.  All indebtedness and obligations evidenced by, set forth in, and secured by ~~the  DIP Credit Agreement,~~ this Deed of Trust, the Financing Order and the DIP Loan Documents;

Formatted: Highlight

~~5.1.2  Taxes.  All taxes, assessments and other governmental or public charges against or affecting the Property, and any accrued interest, costs and penalties thereon.  Trustor agrees to submit receipts therefor to Beneficiary at least 10 days before delinquency, provided that Trustor may contest the amount or validity of such charges and taxes by appropriate proceedings provided by law including payment under protest, but upon final determination of any such proceeding, Trustor promptly shall pay any sums found to be due thereon, and provided, further, that prior to any such contest, Trustor shall furnish Beneficiary a cash deposit or other security in an amount and form reasonably satisfactory to Beneficiary to indemnify Beneficiary against sale or forfeiture of the Property, which deposit or other security shall be returned to Trustor upon final payment by Trustor of such charge or tax, or upon final resolution of such contest in favor of Trustor resulting in no imposition or lien against the Property;~~
5.1.2  **[Intentionally Omitted]**

5.1.3  ~~Encumbrances.  All encumbrances (including any debt secured by a mortgage or deed of trust), ground or other rents, liens, or other charges, with interest, on the Property or any part thereof which appear to be prior, superior, inferior, or on a parity hereto, and all costs and fees related thereto, provided that upon delivery by the Trustor to the Trustee of a bond satisfactory to the Beneficiary, the Trustor may take appropriate action to contest any such encumbrance;~~

~~5.1.4 Utilities.~~ All charges for utilities or services to the Premises including but not limited to electricity, gas, sewer, and water which are incurred after the date of this Deed of Trust; and,

Formatted: Highlight

~~5.1.5 Costs. All costs, fees and expenses of this Deed of Trust which Beneficiary may incur upon or after any Event of Default exists and remains uncured after any notice and cure period, including cost of evidence of title, Trustee's fees and all reasonable attorneys' fees in connection with sale, foreclosure or other enforcement hereunder, whether completed or not, which amounts shall become due upon demand on Trustor.~~

~~5.2 Further Taxes. In the event of the enactment, after the date hereof, of any law in Arizona deducting from the value of the Premises, for the purpose of taxation, the amount of any lien thereon, or imposing upon the Beneficiary the payment of the whole or any part of the taxes or assessments or charges or liens herein required to be paid by the Trustor, or changing in any way the laws relating to the taxation of the Beneficiary's interest in the Premises, or the manner of collection of taxes, so as to affect this Deed of Trust or the debt secured hereby or the Beneficiary, then the Trustor, upon demand by the Beneficiary, shall pay such taxes or assessments or reimburse the Beneficiary therefor; provided, however, that if , in the opinion of counsel for the Beneficiary, (1) it shall be unlawful to require the Trustor to make such payment or (2) the making of such payment shall result in the imposition of interest beyond the maximum amount permitted by law, then the Beneficiary may elect, by notice in writing given to the Trustor, to declare all of the indebtedness secured hereby to become and be due and payable within 60 days from the giving of such notice. Notwithstanding the foregoing, it is understood and agreed that the Trustor is not obligated to pay any portion of the Beneficiary's federal or state income taxes.~~

**5.2 [Intentionally Omitted].**

5.3 [Intentionally Omitted].

~~5.4 Insurance. Trustor shall at all times until the indebtedness secured hereby is paid in full provide, maintain and keep in force:~~

~~5.4.1 Fire and Extended Coverage. Policies of insurance insuring the Premises against: loss or damage by fire and lightning; against loss or damage by other risks embraced by coverage known as broad-form extended coverage including civil commotion, vandalism, and malicious mischief; during any period of construction on the Premises, against those matters insured against by builders risk (course of construction) coverage; and such other risks or hazards as Beneficiary from time to time reasonably may designate in an amount sufficient to prevent Beneficiary or Trustor from becoming a co-insurer under the terms of the applicable policies, but in any event in an amount not less than $1,000,000;~~

~~5.4.2 Liability. Comprehensive broad form general public liability and property damage and, during any period of construction on the Premises, workers' compensation insurance, on and pertaining to the construction, operation and maintenance of the Premises in the amount of not less than $1,000,000.00, single limit coverage, and in form, coverage and companies acceptable to Beneficiary, all such policies to contain noncontributing mortgagee clauses and shall insure the Beneficiary and Trustor against any liability incident to the use of or resulting from any accident occurring in or about the Premises or the Improvements or in connection with any construction thereof, such insurance designating Beneficiary as one of the insureds thereunder to the extent of Beneficiary's interest in the Premises;~~

~~5.4.3 Flood. Flood insurance in the maximum amount available for the Premises and the Improvements, if and when any part of the Premises are hereafter designated as lying in a Zone A flood plain or equivalent area designated as having special flood hazards by any appropriate governmental authority or pursuant to the Flood Disaster Protection Act of 1973, as amended;~~

5.4.4 Provisions. All policies for such insurance shall be issued by companies licensed to do business in Arizona and reasonably approved by Beneficiary; shall be subject to the reasonable approval of Beneficiary as to amount, content and forms of policies and expiration dates; shall contain (as appropriate) a noncontributory standard mortgagee clause and the lender's loss payable endorsement (Form 438 BFU NS or any comparable form), or their equivalents, in favor of Beneficiary; shall contain, where available, an affirmative covenant by the insurer to give written notice to Beneficiary of any cancellation or amendment of such policies at least 30 days prior thereto, shall contain, where available, a waiver of subrogation clause, and shall provide that the proceeds thereof shall be payable to Beneficiary (to the extent of Beneficiary's interest);

5.4.5 Assignment of Insurance Proceeds. Trustor hereby assigns to Beneficiary all insurance proceeds to which Trustor may be entitled and such proceeds shall be delivered to and held by Beneficiary to be applied at the election of Beneficiary: (i) if an Event of Default exists uncured after expiration of any applicable notice and cure period, or there has been a total destruction of the Improvements, to the reduction of the unpaid principal and accrued interest of the indebtedness secured by this Deed of Trust; or (ii) when no Event of Default exists which is uncured after notice and opportunity to cure, and there has been a partial destruction of the Improvements, with the consent of Beneficiary, which shall not be unreasonably withheld, to the restoration of the Improvements or any portion of the Improvements that has been damaged or destroyed to the same condition, character and value as nearly as may be to that as existed prior to such damage or destruction. In any such reconstruction, Trustor may utilize any available plans and specifications from the original construction of the Improvements, provided that the same conform to then applicable laws or ordinances. Trustor may also propose different plans and specifications, subject to the reasonable prior review and approval of Beneficiary. If Beneficiary has elected or is required to allow the proceeds to be used for restoration, and if in Beneficiary's reasonable judgment the insurance proceeds are not sufficient to fully accomplish such restoration, unless Trustor promptly on demand deposits with Beneficiary the additional amounts necessary to accomplish such restoration, Beneficiary may, at Beneficiary's option, hold the insurance proceeds undisbursed until such deposit is made or if Trustor does not make such deposit within two months after payment of the insurance proceeds to Beneficiary, such proceeds may be applied to unpaid principal and accrued interest. Such application or release shall not cure or waive any Event of Default or notice of default hereunder or invalidate any act done pursuant to such notice. If Beneficiary agrees or is required to utilize the proceeds for the restoration of the Improvements and if the Improvements are restored at a cost less than the available insurance proceeds, then such excess proceeds shall be paid to Beneficiary to be applied in reduction of the principal balance and accrued interest due under the Contract. In the event of the foreclosure of this Deed of Trust or other transfer of the title to the Property in extinguishment, in whole or in part, of the indebtedness secured hereby, all right, title and interest of Trustor in and to any insurance policy, or premiums or payments in satisfaction of claims or any other rights thereunder, then in force, shall pass to the purchaser or grantee notwithstanding the amount of any bid at such foreclosure sale. Nothing contained herein shall prevent accrual of interest as provided in the Contract on any portion of the principal balance under the Contract until such proceeds are actually received and applied by Beneficiary; and,

5.4.6 Notice and Proof. After the happening of any casualty whether or not required to be insured against under the insurance policies to be provided by Trustor hereunder, Trustor shall give prompt written notice thereof to Beneficiary. At least 20 days prior to expiration of any policy required to be provided by Trustor hereunder, Trustor shall furnish Beneficiary with appropriate proof of issuance of a policy continuing in force the insurance covered by the policy so expiring. Beneficiary shall be furnished with the original or an original certificate of each policy required to be provided by Trustor hereunder. Trustor shall furnish Beneficiary with receipts for the payment of the annual premiums on such insurance policies or other evidence of such payment reasonably satisfactory to Beneficiary. If Trustor does not deposit with Beneficiary a new policy of insurance with evidence of payment of

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document        Page 13 of 54

~~premium thereon at least 20 days prior to the expiration of any expiring policy, then Beneficiary may, but shall not be obligated to, procure substitute insurance and pay the premiums therefor and Trustor agrees to repay to Beneficiary the premiums thereon immediately on demand. Trustor shall not adjust, compromise or settle any loss under any of the insurance required hereunder without the prior written consent of Beneficiary which shall not be unreasonably withheld or delayed.~~

**5.4** **[Intentionally Omitted]**

5.5    Condemnation. Should the Property, or any part thereof, be taken or damaged by reason of any public improvement, eminent domain or condemnation proceeding, or the threat thereof, or in any other compensable manner, Beneficiary shall be entitled to all compensation, awards, settlements and other payments or relief therefor and shall be entitled, at Beneficiary's option to commence, appear in and prosecute or negotiate in Beneficiary's own name any action or proceeding or to make any compromise or settlement in connection with such taking or damage. All such compensation, awards, damages, rights of action and proceeds (the "Proceeds") are hereby assigned to Beneficiary, who shall (after deducting therefrom any of Beneficiary's necessary and reasonable expenses, including attorneys' fees) apply or release the Proceeds with the same effect and as provided in paragraph 5.3 above with respect to disposition of insurance proceeds as to application of proceeds (i) in the case there exists any uncured Event of Default, (ii) there has been a total taking of the Improvements, or (iii) there has been a partial taking of the Improvements; provided, that, if Beneficiary has elected to allow the Proceeds to be utilized for restoration of the Property and there are any remaining Proceeds after application to the restoration of the Property and full payment of the same, Beneficiary shall be entitled to apply such excess to the payment of any interest or principal balance due under ~~the DIP Credit Agreement,~~ this Deed of Trust, the Financing Order or the DIP Loan Documents. Trustor agrees to execute such further assignments of the Proceeds as Beneficiary or Trustee may reasonably require. Nothing contained herein shall prevent the accrual of interest as provided in ~~the DIP Credit Agreement,~~ this Deed of Trust, the Financing Order or the DIP Loan Documents on any portion of the principal balance due under ~~the DIP Credit Agreement,~~ this Deed of Trust, the Financing Order or the DIP Loan Documents until such Proceeds are actually received and applied by Beneficiary.

~~5.6    Care of the Property. Trustor shall:~~

~~5.6.1    Repair. Keep the Property in as good condition and repair as exists as of the date of this Deed of Trust, reasonable and customary wear and tear excepted, and not commit or permit any waste, deterioration or unlawful condition of the Property;~~

~~5.6.2    No Structural Alteration. Not remove, demolish, or substantially alter any structural portions of the Property or permit such to be done in an unreasonable or unsightly manner (except such alterations as may be required by laws, ordinances or regulations of governmental authorities);~~

~~5.6.3    Laws. Comply with all laws, ordinances, rules, regulations, permits and lawful orders of governmental authorities hereafter affecting the Property or requiring any alterations or improvements to be made thereon and perform all obligations under any covenant, condition or restrictive agreement affecting the Property and binding on the Trustor;~~

~~5.6.4    Improvements and Restoration. Complete promptly and in good and workmanlike manner all improvements which may be constructed on any portion of the Property and promptly restore, to the extent provided in paragraph 5, 5.4.5 and 5.5 above, in like manner, any portion of the Property which may be damaged or destroyed, and pay when due all costs incurred and all claims for labor performed and material furnished therefor;~~

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document    Page 14 of 54

5.6.5 ~~Negative Covenants. Not commit, suffer or permit any act to be done in, upon or to the Property in violation of any law, ordinance, or any covenant, condition or restriction materially affecting the Property by Trustor or its agents or invitees over whom Trustor may assert lawful control;~~

5.6.6 ~~Liens. Not permit any mechanics' or materialmen's or judgment liens against any portion of the Property except liens bonded as reasonably required by Beneficiary and which are subject to appropriate proceedings contesting the validity of the same;~~

5.6.7 ~~Conditions. Keep the Property reasonably free of uncontained rubbish, trash and unsightly and unhealthful conditions; and~~

5.6.8 ~~Necessary Acts. Do any and all acts which, from the character or use of the Property, may be necessary to protect and preserve the security of Beneficiary, the specific enumerations herein not excluding the general.~~

**5.6 [Intentionally Omitted].**

5.7 Further Acts. If reasonably required by Beneficiary, at any time during the term of this Deed of Trust, Trustor will execute and deliver to Beneficiary, in form satisfactory to Beneficiary, continuations of financing statements and supplemental deeds of trust, assignments of rents or security agreements.

5.8 ~~Expenses Incurred under Deed of Trust. Trustor shall pay immediately upon demand, all sums expended or expense incurred by Trustee or Beneficiary, including reasonable attorneys' fees, under any of the terms of this Deed of Trust following any Event of Default, or incurred by Beneficiary or Trustee as permitted herein, with interest from date of expenditure at the default rate set forth in the DIP Credit Agreement until fully paid. Employment of attorneys is hereby authorized in connection with any action or actions (including the cost of any title search and report) which may be brought for the enforcement of this Deed of Trust, or for possession of the Property covered hereby, or the protection of or the defense of the priority of the lien provided for by this Deed of Trust, or for the appointment of a receiver, or for the enforcement of any covenant or right set forth in this Deed of Trust or in connection with any trustee's sale hereunder. In addition, in the event of any bankruptcy or insolvency proceeding filed by or against Trustor, Beneficiary may employ attorneys to protect Beneficiary's interests in such proceedings and any fees and costs incurred by Beneficiary in such proceeding shall be payable under this paragraph. Such fees are to be determined by a judge and not by a jury, with all such sums to be secured hereby. Upon election of the Beneficiary to employ attorneys, the Trustor shall pay all such attorneys' fees, costs and expenses.~~

**5.8 Attorneys' Fees. If Lender refers this Note to an attorney for collection, or files suit against Borrower to collect this Note, Borrower agrees to pay Lender's reasonable attorneys' fees.**

5.9 ~~Books, Records and Accounts. Trustor shall keep and maintain or cause to be kept and maintained in the county where the Property is located, or elsewhere with Beneficiary's prior consent, proper and accurate books, records and accounts reflecting all items of income and expense in connection with the operation of the Property. Beneficiary or its designee shall have the right from time to time at all times during normal business hours to examine such books, records and accounts at the office of Trustor or other person or entity maintaining such books, records and accounts and to make copies or extracts thereof as Beneficiary or its designee shall desire.~~

**5.9 [Intentionally Omitted].**

5.10 ~~Servicing by Trustee. At any time, or from time to time, upon written request of Beneficiary, Trustee may, without liability therefor, without notice, and without affecting the liability of~~

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document    Page 15 of 54

~~any person for payment of the indebtedness secured hereby or the lien of this Deed of Trust upon the remainder of the Property, reconvey any part of the Property, consent in writing to the making of any map or plat thereof, join in granting any easement thereon, or join in any rezoning or other public or private land use or restriction thereof.~~

**5.10    [Intentionally Omitted].**

5.11    [Intentionally omitted].

~~5.12    Subrogation.    Beneficiary shall be subrogated to the indebtedness and lien, although released of record, of any and all obligations, liens or encumbrances paid out of the proceeds of any loan or future advance secured by this Deed of Trust.~~

**5.12    [Intentionally Omitted].**

5.13    Inspection of Property.    Beneficiary, its agents, employees or workmen are authorized to enter at any reasonable time upon any part of the Property for the purpose of inspecting the same and for the purpose of performing any of the acts Beneficiary is authorized to perform under the terms of this Deed of Trust, ~~the DIP Credit Agreement,~~ the Financing Order or any of the DIP Loan Documents.

~~5.14    Compliance.    Trustor shall:  (i) observe and perform in a timely fashion all covenants and conditions under any development declarations, covenants, conditions and restrictions and liens and encumbrances, such as are listed in Exhibit "B" hereto or hereafter are placed in effect with respect to the Property or any part thereof; and (ii) deliver to Beneficiary an executed copy of all such agreements and all notices, claims or communications received from any party thereto; and indemnify and hold the Beneficiary harmless from any action, proceeding, cost, claim or damage including, without limitation, reasonable attorneys' fees, that may be incurred or sustained as a result of the nonpayment of charges or the nonperformance or breach of any of the covenants or conditions of any such agreements or this Deed of Trust.~~

**5.14    [Intentionally Omitted].**

6.    Default and Remedies.

6.1    Events of Default.    Each of the following events shall constitute an Event of Default:

6.1.1    Nonpayment.    Trustor fails to pay when due any monies payable hereunder, ~~under the DIP Credit Agreement,~~ the Financing Order or any of the DIP Loan Documents; or

~~6.1.2    Breach of Provision.    Trustor breaches or in any way fails to perform or comply with any other covenant or provision hereof, or any covenant or provision in the DIP Credit Agreement, the Financing Order or the DIP Loan Documents; or~~

~~6.1.3    Bankruptcy, Etc.    Except for the Bankruptcy Case, the Trustor shall commence any case, proceeding or other action relating to it in bankruptcy or seeking reorganization, liquidation, dissolution, winding-up, arrangement, composition, readjustment of its debts, or any other relief, under any bankruptcy, insolvency, reorganization, liquidation, dissolution, arrangement, composition, readjustment of debt or other similar act or law of any jurisdiction, domestic or foreign, now or hereafter existing; or the Trustor shall apply for a receiver, custodian or trustee of it or for all or a substantial part of its property; or the Trustor shall make a general assignment for the benefit of creditors; or the Trustor shall be unable to, or shall admit in writing its inability to, pay its debts generally as they become due; or the Trustor shall consent to, approve of, or permit or allow any of the foregoing; or any case, proceeding or other action against the Trustor shall be commenced in bankruptcy or seeking~~

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document      Page 16 of 54

~~reorganization, liquidation, dissolution, winding up, arrangement, composition or readjustment of its~~
~~debts, or any other relief, under any bankruptcy, insolvency, reorganization, liquidation, dissolution,~~
~~arrangement, composition, readjustment of debt or other similar act or law of any jurisdiction, domestic or~~
~~foreign, now or hereafter existing, or a receiver, custodian or trustee of the Trustor or for all or a~~
~~substantial part of its property shall be appointed, and in any such case such condition shall continue for a~~
~~period of 90 days undismissed, undischarged, or unbonded; or~~

~~6.1.4   Default Under A Permitted Lien.   If there is any default under any~~
~~document or agreement relating to, giving rise to, or secured by a Permitted Lien.~~

~~6.1.5  Lien Enforced Against Property.  If the Property shall be attached or levied~~
~~upon by any execution, attachment, tax levy, or other writ, or be subjected to any statutory lien for~~
~~mechanics or materialmen, and the same is not removed or bonded off in a manner reasonably acceptable~~
~~to Beneficiary within 45 days thereof; or~~

~~6.1.6   Disposition of Property.   There is any voluntary or involuntary sale,~~
~~conveyance, exchange, or other disposition of the Property, or any portion of the real estate thereof,~~
~~without Beneficiary's prior written consent, except as may be otherwise permitted in this Deed of Trust;~~
~~or~~

~~6.1.7   Damage to Premises.   Any portion of the Property shall be damaged or~~
~~destroyed and Trustor shall not have commenced to repair or restore the same within a reasonable time~~
~~thereafter, taking into account time necessary to settle and collect any insurance claims and proceeds, or~~
~~shall be made subject to actual waste, provided that it shall not be an Event of Default if the Beneficiary~~
~~receives insurance proceeds or cash from the Trustor, or the Trustor, to the extent provided by paragraph~~
~~5.4.5 hereof, shall receive insurance proceeds sufficient to repair or restore the Property and the Trustor~~
~~expeditiously shall proceed to so repair or restore; or~~

~~6.1.8   Tax Liens.   A deficiency tax assessment shall be made or tax lien filed~~
~~against the Trustor or the Property (provided, however, that in the event a tax lien is filed as aforesaid, the~~
~~Trustor may avoid default hereunder by indemnifying the Beneficiary against any loss or expense which~~
~~may be or may have been caused by such lien to Beneficiary's satisfaction, and by acting diligently to~~
~~contest the filing of such lien); or~~

~~6.1.9   Abandonment.   The Trustor shall abandon all or any part of its interest in~~
~~the Property.~~   6.2   **Beneficiary's Remedies.**  If any Event of Default shall occur, Beneficiary
may declare all sums secured hereby immediately due and payable and may commence an action to
foreclose this Deed of Trust as if it were a mortgage, or proceed by power of sale by delivery to Trustee
of a written statement of breach and demand for sale and election to cause the Property to be sold by
power of sale. Should Beneficiary elect to foreclose by exercise of the power of sale herein, Beneficiary
shall also deposit with Trustee copies of this Deed of Trust, ~~the DIP Credit Agreement,~~ the Financing
Order and any other necessary DIP Loan Documents and such receipts and reasonable evidence of
expenditures made and secured hereby as Trustee may require, and notice of Trustee's sale having been
given as then required by law (the "Notice of Sale") and after lapse of such time as may then be required
by law after recordation of the Notice of Sale, Trustee, without further demand on Trustor, shall sell the
Property at the time and place of sale fixed by Trustee in the Notice of Sale, either as a whole or in
separate parcels, and in such order as Trustee may determine, at public auction to the highest bidder for
cash in lawful money of the United States, payable at time of sale or upon authorized credit bid by
Beneficiary. Trustee may postpone the sale of all or any portion of the Property by public announcement
at such time and place of sale, and from time to time thereafter may postpone or relocate such sale by
public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such
purchaser Trustee's deed conveying the Property so sold but without any covenant or warranty, express or

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document       Page 17 of 54

implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof in favor of purchasers or encumbrancers for value and without notice. Any person, including Trustor, Trustee or Beneficiary, may purchase at such sale. With respect to any personal property included in the Property, Beneficiary may proceed as to both the real and personal property in accordance with Beneficiary's rights and remedies in respect of the real property or sell the personal property separately and without regard to the real property in accordance with Beneficiary's rights and remedies as provided by law.

6.3     Discontinuance of Proceedings.    Beneficiary, from time to time before the Trustee's sale pursuant to paragraph 6.2, may rescind any statement of breach or default and election to cause the Property to be sold by executing and delivering to Trustee a written notice of such rescission and Beneficiary may also cause Trustee to execute a notice of cancellation of Trustee's sale, which notice, when duly recorded, shall also constitute a cancellation of any prior statement of breach and demand for sale. The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other statements of breach and demand for sale and of election to cause the Property to be sold to satisfy the obligations hereof, nor otherwise affect any provision, covenant or condition of~~the DIP Credit Agreement,~~ this Deed of Trust, the Financing Order, the DIP Loan Documents, or any of the rights, obligations or remedies of the Beneficiary hereunder.

6.4     Application of Proceeds of Sale.    Upon a sale of all or part of the Property pursuant to paragraph 6.2, after deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and **Trustee's reasonable** attorneys' fees, Trustee shall apply the proceeds of sale to payment of: (i) all sums expended under the terms hereof, not then repaid, with accrued interest at any rate of interest under ~~the DIP Credit Agreement or~~ this Deed of Trust **or the Term Note;** or the terms of the~~Fiancing  Order~~ (ii) all other sums then secured hereby; and (iii) the remainder, if any, to the person or persons legally entitled thereto.

6.5     Beneficiary Statement.    Trustee, upon presentation to it of a statement of breach signed by or on behalf of Beneficiary, setting forth any fact or facts showing a default by Trustor under any of the terms or conditions of this Deed of Trust, is authorized to accept as true and conclusive all facts and statements in such affidavit and to act hereunder in complete reliance thereon.

6.6     Other Remedies Upon Default.    Trustor covenants and agrees that should Trustor fail or refuse to make any payment or do any act which Trustor is obligated hereunder to make or do, at the time and in the manner herein provided, then Beneficiary, or Trustee upon written instructions from Beneficiary ~~(the legality thereof to be determined solely by Beneficiary),~~ may, without notice to or demand upon Trustor, without releasing Trustor from any obligation hereunder and without waiving its right to declare a default as herein provided or impairing any statement of breach or election to cause the Property to be sold or any sale proceeding predicated thereon, and in addition thereto and to any and all other remedies reserved herein to Beneficiary or under law or in equity:

~~6.6.1    Protect Security.   Make or do the same in such manner and to such extent as either Beneficiary or Trustee may deem necessary to protect the security hereof, Beneficiary and Trustee being authorized to enter upon and take possession of the Property for such purposes, and any sums expended for such purposes shall become part of the indebtedness secured hereby;~~
            **6.6.1 [Intentionally Omitted].**

6.6.2  Appear in Proceedings.    Commence, appear in or defend any action or proceedings purporting to affect the security hereof, or any additional or other security therefor, or the interest, rights, powers and duties of Trustee and Beneficiary hereunder whether brought by or against Trustor, Trustee or Beneficiary;

6.6.3 **Pay Encumbrances.** Pay, purchase, contest or compromise any claim, debt, lien, charge or encumbrance which in the good faith judgment of either may affect or appear to affect the security of this Deed of Trust, the interest of Beneficiary or the rights, powers and duties of Trustee or Beneficiary hereunder with any sums expended for such purposes to become part of the indebtedness secured hereby; and

6.6.4 ~~Take Possession.~~ ~~Beneficiary is authorized either by itself or by an agent to be appointed by Beneficiary for that purpose or by a receiver, appointed by a court of competent jurisdiction, to enter into and upon and take and hold possession of any portion or all of the Property, both real and personal, and exclude Trustor and all other persons therefrom; and to operate and manage the Property and rent and lease the same, perform such acts of repair or protection as may be reasonably necessary or proper to conserve the value thereof, and collect any and all Property Income, the same being hereby assigned and transferred to Beneficiary, for the benefit and protection of Beneficiary, and from time to time apply or accumulate the Property Income in such order and manner as Beneficiary or such receiver in its sole discretion shall consider advisable, to or upon the following: (i) the expenses of receivership, if any; (ii) the proper costs of upkeep, maintenance, repair, construction and operation of the Property; (iii) the repayment of any sums theretofore or thereafter advanced pursuant to the terms of this Deed of Trust; (iv) the interest then due or next to become due upon the indebtedness secured hereby; (v) the taxes and assessments upon the Property then due or next to become due; and (vi) upon the unpaid principal of such indebtedness. The collection or receipt of Property Income by Beneficiary, its agent or any receiver, after declaration of default and election to cause the Property to be sold under and pursuant to the terms of this Deed of Trust, or during any judicial foreclosure or other enforcement of this Deed of Trust or for collection of the obligations under the DIP Credit Agreement, the Financing Order or the DIP Loan Documents, shall not affect or impair such default or statement of breach or election to cause the Property to be sold or any judicial proceedings predicated thereon, but any or all such proceedings may be conducted and any sale effected notwithstanding the receipt or collection of any Property Income. Any Property Income in the possession of Beneficiary, its agent or receiver, at the time of any sale and not theretofore applied as herein provided, shall be applied in the same manner and for the same purposes as the proceeds of the sale unless otherwise required by law. Neither Trustee nor Beneficiary shall be under any obligation to make any of the payments or do any of the acts referred to in this paragraph, and any of the actions referred to in this paragraph may be taken by Beneficiary irrespective of whether any notice of default or election to sell has been given hereunder and without regard to the adequacy of the security for the obligations under the DIP Credit Agreement, the Financing Order or the DIP Loan Documents.~~

6.7 ~~Receivership.~~ ~~Upon the occurrence of an Event of Default hereunder, Beneficiary shall be entitled to the appointment of a receiver to take charge of the Property, collect the rents, issues and profits therefrom, care for and repair the same, improve the same when necessary or desirable, complete or initiate construction, sell and lease the Property or portions thereof (including leases existing beyond the term of receivership), and otherwise use and utilize the Property, and to have such other duties as may be fixed by the court. Trustor specifically agrees that upon the occurrence of any Event of Default hereunder the court may appoint a receiver without any notice to Trustor whatsoever, and without reference to the adequacy of the security, or the solvency or insolvency of Trustor, and without reference to other matters normally taken into account by courts in the discretionary appointment of receivers, it being the intention of Trustor hereby to authorize the appointment of a receiver upon the occurrence of an Event of Default and when and if Beneficiary has requested the appointment of a receiver.~~

6.7 **[Intentionally Omitted].**

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document         Page 19 of 54

~~6.8     Certain Waivers.   The right to plead any and all statutes of limitation as a defense to any demand secured by or made pursuant to this Deed of Trust and all statutory rights of redemption are hereby waived by Trustor to the fullest extent permitted by applicable law.~~

**6.8     [Intentionally Omitted].**

6.9     No Waiver of Strict Performance.   Trustor covenants and agrees that the acceptance by Beneficiary of any sum secured hereby after its due date, or in an amount less than the sum then due, shall not constitute a waiver by Beneficiary of Beneficiary's rights either to require prompt payment when due of all other sums so secured or to declare a default or exercise such other rights as herein provided for failure so to pay.   No failure by Beneficiary to insist upon strict performance of any term, covenant or condition hereof or failure to exercise any right or remedy hereunder shall constitute a waiver of any such breach of such term, covenant or condition or of the later exercise of such right or remedy.

6.10     Remedies Cumulative.   All rights and remedies of Beneficiary provided herein shall be in addition to all other rights and remedies provided by the ~~DIP Credit Agreement, the~~ Financing Order or the DIP Loan Documents and by law and all rights and remedies shall be cumulative and not exclusive.   In the event of the occurrence of any default hereunder or under any of ~~the DIP Credit Agreement,~~ the Financing Order or the DIP Loan Documents, Beneficiary may exercise any one or more of Beneficiary's rights or remedies whether provided herein, in any of the ~~DIP Credit Agreement, the~~ Financing Order or the DIP Loan Documents or by law, either concurrently or independently and in such order as Beneficiary may determine, and may apply the assets or proceeds as Beneficiary may determine without affecting the status of or waiving any right against all or any other security and without waiving any breach or default or any right or power, whether exercised hereunder or contained herein or in any of the ~~DIP Credit Agreement, the~~ Financing Order or the DIP Loan Documents. Trustor waives any right or privilege which Trustor or its creditors otherwise may have to require Beneficiary to proceed against the assets of Trustor in any particular order or fashion under any legal or equitable doctrine or principle of marshalling of assets, exhaustion of security, suretyship or otherwise, and further agrees that upon default and after the expiration of any applicable grace period following notice, Beneficiary may proceed to exercise any one or more remedies with regard to any or all assets encumbered or affected by this Deed of Trust, the ~~DIP Credit Agreement, the~~ Financing Order or the DIP Loan Documents in such manner and order as Beneficiary in its sole discretion may determine. ~~Trustor waives the benefits of sections 12-1641 through 12-1644, inclusive, 12-341.01 and 44-142, Arizona Revised Statutes, and Arizona Rule of Civil Procedure 17(f) and all similar provisions as may be in existence or enacted hereafter.  No offset or claim that Trustor may now or in the future have against Beneficiary shall excuse or relieve Trustor from paying any sum due under the Contract or performing any other obligation secured hereby when the same are due.~~

6.11     Deficiency Judgment.   Beneficiary may maintain an action for a deficiency judgment for any balance due hereunder and under ~~the DIP Credit Agreement,~~ the Financing Order or the DIP Loan Documents, if and to the extent permitted by the terms of these documents.

6.12     Possession After Trustee's Sale.   The purchaser at any Trustee's Sale referred to herein shall be entitled to immediate possession of the Property as against the Trustor, Trustor's successors in interest and any person or persons claiming by, through or under Trustor, and any person in possession shall be deemed to be a tenant at sufferance of the purchaser and shall be guilty of forcible detainer, and the purchaser shall have the right to the benefit of summary proceedings provided by law for forcible detainer, ejectment, or any other proceedings to obtain possession as provided by law, together with all costs and expenses and reasonable attorneys' fees incurred in enforcing its right of possession.

6.13     Effect of Foreclosure on Existing Leases.   Upon any such sale, any lease of the Property or a portion thereof or any sublease thereof shall remain in effect, the purchaser thereby being

Case 2:07-bk-01628-GBN     Doc 457     Filed 11/05/09     Entered 11/05/09 16:04:56     Desc
Main Document          Page 20 of 54

subrogated to Trustor's interest therein, unless the purchaser is entitled to and elects to treat such lease as terminated by virtue of the sale under Beneficiary's prior lien or charge, upon written notice of such election to terminate on any tenants and sub-tenants.

7. General Provisions.

7.1 Suits to Protect Property. Subject to any liabilities imposed on Beneficiary at law or by contract, Trustor covenants and agrees to appear in and defend any action or proceeding purporting to affect the security of this Deed of Trust, or any additional or other security for the obligations secured hereby, the interest of Beneficiary or the rights, powers or duties of Trustee hereunder; and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear or be made a party, including, but not limited to, foreclosure or other proceeding commenced by those claiming a right to any part of the Property under prior or junior liens, any action to partition or condemn all or part of the Property, whether or not pursued to final judgment, and in any exercise of any power of sale, whether or not the sale is actually consummated. If any prior or junior mortgage, deed of trust, certificate of purchase or other lien or encumbrance shall be in default by reason of nonpayment by Trustor of principal or interest, or any part thereof, or for any other reason, Beneficiary may cure such default without notice and the cost of curing such default with interest at the default rate set forth in the ~~DIP Credit Agreement~~Term Note from the time of the advance or advances therefor shall be added to the indebtedness secured hereby and may be collected from Trustor upon demand at any time after the time of such advance or advances, and the holder of the Note and this Deed of Trust shall be subrogated to the rights of the lienholders so paid. Trustor shall immediately upon receiving any knowledge or notice of any default under any mortgage, deed of trust, lease, sublease, certificate of purchase or other lien or encumbrance, give written notice thereof to Beneficiary and shall give to Beneficiary immediately upon receipt thereof, a true copy of each and every notice, summons, legal process, legal paper or other communication relating in any way to any such lien or encumbrance or to the performance or enforcement thereof, or to any default thereunder.

7.2 Recordation. Trustee accepts this Trust when this Deed of Trust, executed and acknowledged, is made a public record as provided by law.

7.3 Substitution of Trustee. Beneficiary may, from time to time, by a written instrument executed and acknowledged by Beneficiary and recorded in the county where the Property is located, and by otherwise complying with appropriate statutory provisions, substitute a successor or successors for the Trustee named herein or acting hereunder.

7.4 Notices.

7.4.1 Addresses. All notices hereunder shall be deemed to have been duly given if hand delivered or mailed, postage prepaid, by registered or certified mail, return receipt requested, to the parties at the addresses set forth above in this Deed of Trust (or at such other addresses as shall be given in writing by any party to the others). Notice shall be deemed received when delivered or three days after deposit in the mail, properly addressed, postage prepaid.

7.4.2 Notices of Default and Sale. Trustor requests that a copy of any notice of default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

7.4.3 Actions Involving Parties. Unless otherwise provided by applicable law, Trustee shall be under no obligation to notify any party hereto of any action or proceeding of any kind in which Trustor, Beneficiary or Trustee shall be a party, unless brought by Trustee, or of any pending sale under any other deed of trust.

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document        Page 21 of 54

7.5     Application. This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term "Beneficiary" shall mean the owner and holder, including pledges and assignees, of the DIP Credit Agreement, the Financing Order or the DIP Loan Documents, whether or not named as Beneficiary herein. "Trustor" shall refer to the entity signing this Deed of Trust as such, and its successors and assigns as provided above. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

7.6     Severability. If any provision of this Deed of Trust should be held unenforceable, invalid or void, then such provision shall be deemed severable from the remaining provisions, which shall continue in full force and effect and this Deed of Trust shall not be deemed impaired or unenforceable.

7.7     Applicable Law. This Deed of Trust shall be governed by and construed and enforced in accordance with the laws of the State of Arizona, including its conflicts or choice of law principles.

7.8     Captions. All captions are inserted only as a matter of convenience and for reference, and in no way define, limit, or describe the scope or intent of this Deed of Trust, nor in any way affect the construction or interpretation of this Deed of Trust.

7.9     Construction. This Deed of Trust is the result of negotiations between the parties, neither of whom has acted under any duress or compulsion, whether legal, economic or otherwise. Accordingly, the terms and provisions of this Deed of Trust shall be construed in accordance with their usual and customary meanings. Beneficiary and Trustor waive the application of any rule of law that otherwise would be applicable in connection with the construction of this Deed of Trust that ambiguous or conflicting terms or provisions should be construed against the party who (or whose attorney) prepared the executed Deed of Trust or any earlier draft of the same.

7.10     No Third Party Beneficiary. No term or provision of this Deed of Trust is intended to be, nor shall any such term or provision be construed to be, for the benefit of any person, firm, corporation or other entity not a party hereto. No such other person, firm, corporation or entity shall have any right or cause of action hereunder.

7.11     Irrevocable Trust. The Trust created hereby is irrevocable by Trustor unless and until the Property is reconveyed to Trustor as provided in paragraph 7.12 hereof.

7.12     Reconveyance. Upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender to Trustee of this Deed of Trust cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

7.13     Security Intended. Notwithstanding any provision hereof to the contrary, the parties intend that this instrument constitute security for the payment of the indebtedness and performance of the obligations of Trustor as provided elsewhere herein, and shall be a "deed of trust" as defined in A.R.S. § 33-801. If despite that intention a court of competent jurisdiction shall determine that this instrument does not qualify as a "trust deed" or "deed of trust" within the meaning and purview of Chapter 6.1, Title 33, Arizona Revised Statutes, then ab initio, this instrument shall be deemed a realty mortgage under A.R.S. § 33-702, and shall be enforceable as such, the Trustor shall be deemed a "mortgagor," the Beneficiary shall be deemed a "mortgagee," the Trustee shall have no capacity but shall

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document     Page 22 of 54

be disregarded and all references to the "Trustee" herein shall be deemed to refer to the "mortgagee" to the extent not inconsistent with interpreting this instrument as though it were a realty mortgage. As a realty mortgage, Trustor as mortgagor shall be deemed to have conveyed the Premises ab initio to the Beneficiary as mortgagee, such conveyance as a security to be void upon condition that Trustor pay all indebtedness and perform all its obligations secured hereby.

7.14    Due on Sale or Encumbrance.  Trustor expressly agrees that if any part or interest in the Property be voluntarily or involuntarily sold, conveyed, transferred, exchanged, or is disposed of, or is further encumbered, or a contract of sale or other conveyance is consummated with respect thereto, then Beneficiary, at Beneficiary's option, may accelerate the sums due under the Contract and require the payment of the then-existing outstanding principal balance and all of the sums due under the Contract and the Contract Documents.

~~7.15   Environmental Matters.  Trustor covenants and agrees as follows:~~

~~7.15.1    Definitions.  As used in this Deed of Trust, the following terms shall have the following meanings:~~

~~7.15.1.1    Environmental Law:  Any federal, state or local environmental or health or safety law, regulation or rule, including, without limitation, any judicial or administrative statement of general or specific applicability.~~

~~7.15.1.2    De Minimis Amounts:  Means Regulated Substances being stored for future use on the Premises or being used on or at the Property in such quantities as (i) do not constitute a violation of any Environmental Law, and (ii) are customarily employed in, or associated with, aggregate mining operations in Yavapai County, Arizona.  De Minimis Amounts does not include Regulated Substances being disposed of, generated, manufactured, processed, produced, released, transported or treated.~~

~~7.15.1.3    Person:  Any natural person, unincorporated association, partnership, joint venture, trust, corporation or other legal entity.~~

~~7.15.1.4    Regulated Substances:  Any substance, material or waste regulated by any Environmental Law.~~

~~7.15.1.5    Release:  Any release, including, without limitation, any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment.~~

~~7.15.2    Warranties.  Trustor hereby warrants to Beneficiary and except for De Minimis Amounts:~~

~~7.15.2.1    The operations of Trustor, its employees, agents, tenants or lessees in, on or at the Property and the Property will be in compliance in all material respects, including having all necessary permits, registrations and authorizations, with all applicable Environmental Laws; and~~

~~7.15.2.1    Neither the Property nor any of the operations of Trustor, its agents, employees, tenants or lessees in, on or at the Property will be subject to any judicial or administrative proceeding of any kind alleging the violation or potential violation of any Environmental Law, or which finds or concludes that there has been a violation of any Environmental Law at or about the Property for which Trustor is legally responsible, in whole or in part.~~

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document    Page 23 of 54

7.15.3    Covenants.  Trustor covenants to Beneficiary and except for De Minimis Amounts:

7.15.3.1    Trustor shall comply with all Environmental Laws and shall cause:  (a) all tenants under any lease or occupancy agreement affecting any portion of the Property; and (b) all other Persons on or occupying the Property to comply with all Environmental Laws.

7.15.3.2    Trustor shall keep the Property free of all liens arising under or authorized by any Environmental Law.

7.15.3.3    Trustor shall immediately give Lender notice of any pending or threatened private, judicial or administrative action respecting the environmental condition of the Property or the discovery of any environmental condition in, on or at the Property that violates or may violate any Environmental Law.

7.15.3.4    Trustor shall respond in a timely manner to the satisfaction of any regulatory agency regarding the environmental condition of the Property.

7.15.4    Inspection of Property.  Beneficiary, its agents, employees and contractors shall be entitled to enter onto the Property at all reasonable times and to conduct such inspections and testing as Lender shall deem reasonably necessary if and when Lender has a reasonable belief that there may exist a violation of any Environmental Law at or that there has been or may occur a Release of any Regulated Substance on, the Property (except for a De Minimis Amount).  Trustor shall pay all reasonable and customary costs of any such inspections and testing promptly on receipt of Beneficiary's demand for such payment.

7.15.5    Remedial Action.  As to any acts or inaction of Trustor, its tenants or any third-party invitees, during the time the Trustor owns the Property:

7.15.5.1    Trustor shall commence and complete all investigation, monitoring, reporting, notification, containment, cleanup, removal, restoration, detoxification, closure or other action relating to the Property required by any Environmental Law or regulatory agency ("Remedial Action") within the time required for such action by any Environmental Law or regulatory agency or if no such time period is prescribed within a reasonable time.

7.15.5.2    If Trustor fails to fulfill its obligations stated above, Beneficiary may, but shall have no obligation to, cause such Remedial Action to be performed, and all costs and expenses (including, without limitation, attorneys' fees) incurred by Beneficiary in connection with performing such Remedial Action shall be paid by Trustor upon demand.

7.15.6    No Duty to Remedy.  Anything elsewhere in this Deed of Trust to the contrary notwithstanding, Beneficiary shall have no duty or obligation to investigate or monitor any environmental condition in, on or at the Property or to supervise, approve or participate in the investigation or remediation of any environmental condition in, on or at the Property.

7.15.7    Indemnity.  Trustor shall and does hereby indemnify and hold Beneficiary, its employees, agents, officers, directors and shareholders harmless from and against all loss, cost, expense, damage, injury, obligation, liability, penalty, fine, suit and settlement including, without limitation, attorney and consultant fees and expenses, investigation and laboratory fees and expenses, remediation costs, court costs and other litigation expenses, of whatever kind or nature, known or unknown, contingent or otherwise, arising out of or in any way related to:  (a) any actual or alleged

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document        Page 24 of 54

condition in, on or at the Property which exists in claimed violation of any Environmental Law; (b) any generation, processing, handling, transportation, storage, treatment or disposal of any Regulated Substance in, on, at or from the Property in violation of Environmental Law; (c) any presence or Release of any Regulated Substance in, on, at or from the Property in violation of Environmental Law; (d) the breach of any of the warranties, covenants or other agreements in this Deed of Trust relevant to these Environmental matters. All of Trustor's obligations, covenants, warranties and agreements contained herein and this indemnity shall survive: (i) the termination of the Deed of Trust, the Contract and the Contract Documents; (ii) the discharge of all of Trustor's obligations thereunder; and (iii) any transfer of title to the Property (whether by sale, foreclosure, deed in lieu of foreclosure or otherwise). Beneficiary's election to perform under the DIP Credit Agreement, the Financing Order or the DIP Loan Documents, make the obligations secured by the Deed of Trust or any advances or disbursements under the Deed of Trust, the DIP Credit Agreement, the Financing Order or any of the DIP Loan Documents or to foreclose upon or otherwise accept or acquire title to all of any of Trustor's interest in the Property shall in no way be deemed a waiver or other diminution of any of Lender's rights under this indemnity or to relieve Trustor from any liability hereunder regardless of whether Trustor has conducted an environmental assessment or has obtained independent knowledge from any source whatsoever regarding any environmental condition in, on or at the Property. This is an absolute, unconditional and continuing indemnity that shall be in addition to all other obligations or liabilities Borrower may have to Lender pursuant to this Deed of Trust, the DIP Credit Agreement, the Financing Order and the DIP Loan Documents, by statute or otherwise. Trustor waives A.R.S. § 12-1641, 12-1646, 33-814 and 44-142 and Arizona Rule of Civil Procedure 17(f) and any successors statutes or rules.

7.15 **[Intentionally Omitted].**

7.16 <u>Trustee</u>. Trustee holds title under this Deed of Trust for the benefit of Beneficiary in accordance with the provisions of A.R.S. § 33-801, <u>et seq</u>. Trustee acts and will act in a representative capacity only under the provisions of this Deed of Trust and of such statutes.

7.17 <u>Time of Essence</u>. Time is of the essence of this Deed of Trust. Notwithstanding the foregoing, if this Agreement requires any act to be done or action to be taken on a date that falls on a Saturday, Sunday or legal holiday, such act or action shall be deemed to have been validly done or taken if done or taken on the next succeeding day that is not a Saturday, Sunday or legal holiday.

Case 2:07-bk-01628-GBN    Doc 457    Filed 11/05/09    Entered 11/05/09 16:04:56    Desc
Main Document        Page 25 of 54

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust and Assignment of Rents with Security Agreement as of the date first written above.

TRUSTOR:

U.S. AMERICAN STONE AND MINERALS, INC., a Nevada corporation

By:_____

Print Name: _____

Its: _____

STATE OF ARIZONA     )
                     ) ss
COUNTY OF _____  )

On this _____ day of _____, A.D. 2009, before me, the undersigned officer, personally appeared _____ who acknowledged to be the _____ respectively, of U.S. AMERICAN STONE AND MINERALS, INC., a Nevada Corporation, and that as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the Company by (himself) (themselves) as such authorized signor.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

EXHIBIT A

[To be supplied]

**EXHIBIT B**

**<u>PERMITTED LIENS</u>**

[To be supplied]

**EXHIBIT 2**

## TERM NOTE

Borrower:

U.S. American Stone and Minerals, Inc.

_____

_____

_____

Lender:

Rock Bottom, LLC

_____

_____

_____

| | |
|---|---|
| Principal Amount<br>U.S. $555,333.89 | Note Effective Date:<br>June 22, 2007 |

**PROMISE TO PAY.** U.S. American Stone and Minerals, Inc., a Nevada corporation and a Chapter 11 Debtor and Debtor in Possession (the "Borrower"), promises to pay to the order of Rock Bottom, LLC, a ~~——————~~Delaware~~——————~~limited liability company ("Lender"), in lawful money of the United States of America, the sum of **Five Hundred, Fifty five thousand, three hundred and thirty three and 89/100 Dollars (U.S. $555,333.89)**, or such other ~~or lesser~~ amounts as may be reflected from time to time on the books and records of Lender as evidencing the aggregate unpaid principal balance of loan advances made to Borrower <u>and any additional amounts owing to Lender pursuant to the Stipulated Order Authorizing Postpetition Loan and Granting Lender Liens and Security Interest In Real Property.</u>.

~~DEBTOR-IN-POSSESION CREDIT AGREEMENT. This Note is made and executed pursuant to, and is subject to, that certain Debtor in Possession Credit Agreement between Borrower and Lender, dated as of August ___, 2009, with an effective date of June 22, 2007 (as amended from time to time, the "Credit Agreement"). All capitalized terms used in this Note (and not otherwise defined herein) shall have the meanings defined in the Credit Agreement. The terms of the Credit Agreement are incorporated herein by this reference.~~

**INTEREST RATE.** Advances under this Note shall bear interest from the date hereof until paid at the LIBOR Rate plus ~~the LIBOR Margin as provided in the Credit Agreement~~**nine percent (9%)**.

**PAYMENT OF INTEREST AND PRINCIPAL.** All accrued and unpaid interest shall be payable at the maturity of the Note. Borrower shall pay the balance of all outstanding principal and accrued but unpaid interest on the earlier to occur of:

    (i)      any sale or transfer of the Property to a third party;

    (ii)    twelve (12) months from the Note **Effective** Date.

All payments shall be made to Lender at _____, or at such other address as required by Lender.

**PREPAYMENT.** Borrower may prepay this Note ~~on the terms stated in the Credit Agreement.~~ **at any time.**

**LENDER'S RIGHTS UPON DEFAULT.** Upon the occurrence of and during the continuation of any Event of Default, Lender shall have all of the rights and remedies provided in the ~~Credit Agreement, the~~ Deed of Trust~~and the~~ Stipulated Order Authorizing Postpetition Loan and Granting Lender Liens and Security Interest In Real Property~~and the Guaranty~~.

**COLLATERAL.** This Note is secured *inter alia*, by the Deed of Trust.

10470719.3

ATTORNEYS' FEES. If Lender refers this Note to an attorney for collection, or files suit against Borrower to collect this Note, ~~or if Borrower files for bankruptcy or other relief from creditors,~~ Borrower agrees to pay Lender's reasonable attorneys' fees.

**DEFAULT RATE OF INTEREST. Effective immediately upon the occurrence of an Event of Default, interest shall accrue at the Rates that are four percent (4.0%) per annum in excess of the rates otherwise payable under this Term Note.**

GOVERNING LAW. Borrower agrees that this Note and the loan evidenced hereby shall be governed under the laws of the State of Arizona.

WAIVERS. Borrower ~~and each guarantor of this Note~~ hereby ~~waive~~**waives** presentment for payment, protest, notice of protest and notice of nonpayment~~, and all pleas of division and discussion, and severally agree that their obligations and liabilities to Lender hereunder shall be on a "solidary" or "joint and several" basis. Borrower and each guarantor,~~ **Borrower** further ~~severally agree~~**agrees** that discharge or release of any party who is or may be liable to Lender for the indebtedness represented hereby, or the release of any collateral directly or indirectly securing repayment hereof, shall not have the effect of releasing any other party or parties, who shall remain liable to Lender, or of releasing any other collateral that is not expressly released by Lender. Borrower ~~and each guarantor~~ additionally agree that Lender's failure or delay in exercising any rights or remedies granted to Lender, shall likewise not have the effect of releasing Borrower or any other party or parties from their respective obligations to Lender, or of releasing any collateral that directly or indirectly secures repayment hereof. In addition, any failure or delay on the part of Lender to exercise any of the rights and remedies granted to Lender shall not have the effect of waiving any of Lender's rights and remedies. Any partial exercise of any rights and/or remedies granted to Lender shall furthermore not be construed as a waiver of any other rights and remedies; it being Borrower's intent and agreement that Lender's rights and remedies shall be cumulative in nature. Borrower ~~and each guarantor~~ further agrees that, should any event of default occur or exist under this Note, any waiver or forbearance on the part of Lender to pursue the rights and remedies available to Lender, shall be binding upon Lender only to the extent that Lender specifically agrees to any such waiver or forbearance in writing. A waiver or forbearance on the part of Lender as to one event of default shall not be construed as a waiver or forbearance as to any other default. Borrower ~~and each guarantor of this Note~~ further ~~agree~~**agrees** that any late charges provided for under this Note will not be charges for deferral of time for payment and will not and are not intended to compensate Lender for a grace or cure period, and no such deferral, grace or cure period has been or will be granted to Borrower in return for the imposition of any late charge. Borrower recognizes that Borrower's failure to make timely payment of amounts due under this Note will result in damages to Lender, including but not limited to Lender's loss of the use of amounts due, and Borrower agrees that any late charges imposed by Lender hereunder will represent reasonable compensation to Lender for such damages. Failure to pay in full any installment or payment timely when due under this Note, whether or not a late charge is assessed, will remain and shall constitute an Event of Default hereunder.

SUCCESSORS AND ASSIGNS LIABLE. Borrower's obligations and agreements under this Note shall be binding upon Borrower's successors and assigns. The rights and remedies granted to Lender under this Note shall inure to the benefit of Lender's successors and assigns, as well as to any subsequent holder or holders of this Note.

JURISDICTION AND VENUE. THE BORROWER HEREBY IRREVOCABLY CONSENTS TO THE NON-EXCLUSIVE JURISDICTION OF THE BANKRUPTCY COURT AND AGREES THAT ANY ACTION OR PROCEEDING ARISING OUT OF OR BROUGHT TO ENFORCE THE PROVISIONS OF THIS NOTE, THE CREDIT AGREEMENT AND/OR THE COLLATERAL DOCUMENTS MAY BE BROUGHT IN THE BANKRUPTCY COURT.

CAPTION HEADINGS. Caption headings of the sections of this Note are for convenience purposes only and are not to be used to interpret or to define their provisions. In this Note, whenever the context so requires, the singular includes the plural and the plural also includes the singular.

SEVERABILITY. If any provision of this Note is held to be invalid, illegal or unenforceable by any court, that provision shall be deleted from this Note and the balance of this Note shall be interpreted as if the deleted provision never existed.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

[SIGNATURE PAGE FOLLOW]

<u>BORROWER:</u>

U.S. American Stone and Minerals, Inc., a
Nevada corporation

By: _____
Name: _____
Title: _____

Document comparison by Workshare Professional on Tuesday, August 25, 2009
5:52:32 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://PHXDM/SWDMS/10470719/1 |
| Description | #10470719v1<SWDMS> - USASM Term Note |
| Document 2 ID | interwovenSite://PHXDM/SWDMS/10470719/3 |
| Description | #10470719v3<SWDMS> - USASM Term Note |
| Rendering set | s&w pleadings |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 14 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |

**EXHIBIT 3**

Recorded at the Request of:

When Recorded, mail to:

---

Order No:

# DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made _____ , between

herein called TRUSTOR, whose address is

and CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation, whose mailing address is: 2415 East Camelback Road, Suite 300, Phoenix, Arizona 85016 , herein called TRUSTEE, and xxx

herein called BENEFICIARY, whose address is:

That property located in _____ County, State of Arizona, described as follows:

Together with all buildings, improvements, and fixtures thereon.

THIS DEED OF TRUST, made on the above date between the Trustor, Trustee and Beneficiary above named.

WITNESSETH: That Trustor irrevocably grants, conveys, transfers and assigns to Trustee in Trust, with Power of Sale, the above described real property, together with leases, rents, issues, profits, or income thereof, (all of which are hereinafter called "property income") SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income; AND SUBJECT TO existing taxes, assessments, liens encumbrances, covenants, conditions, restrictions, rights-of-way, and easements of record.

FOR THE PURPOSE OF SECURING:
A. Performance of each agreement of Trustor herein contained.
B. Payment of the indebtedness evidenced by promissory note or notes of even date herewith, and an extension or renewal thereof, in the principal sum of $ _____ executed by Trustor in favor of Beneficiary or order.
C. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:
   (1) Trustor shall keep said property in good condition and repair; shall not remove or demolish any building thereon, shall complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and shall pay when due all claims for labor performed and materials furnished therefor; shall comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; shall not commit or permit waste thereof; shall not commit, suffer or permit any act upon said property in violation of law; shall cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.
   (2) Trustor shall keep all improvements now or hereafter erected on said property continuously insured against loss by fire or other hazards in an amount not less than the total obligation secured hereby. All policies shall be held by the Beneficiary and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary as his interest may appear and then to the Trustor. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured and in such order as the Beneficiary may determine or at option of the Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default hereunder nor cause discontinuance of any action that may have been or may thereafter be taken by Beneficiary or Trustee because of such default.
   (3) Trustor shall appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and shall pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum in such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this DEED OF TRUST.
   (4) Trustor shall pay: at least ten days before delinquency all taxes and assessments affecting said property; when due, all encumbrances, charges and liens, with interest, on property or any part thereof, which appear to be prior or superior hereto; when due, all costs, fees and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any DEED OF PARTIAL RELEASE and PARTIAL RECONVEYANCE or DEED OF RELEASE and FULL RECONVEYANCE and all lawful charges, costs and expenses in the event of reinstatement of, following default in, this DEED OF TRUST or the obligations secured hereby.
DOTL1 4/2/96 JBH

(5) Should Trustor fail to make any payment or to do any act as provided in this DEED OF TRUST, then the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees. Trustor shall pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expending at the rates provided in the promissory note(s) secured by this DEED OF TRUST.

IT IS MUTUALLY AGREED:

(6) That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this DEED OF TRUST) and upon receipt of such monies Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That time is of the essence of this DEED OF TRUST, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this DEED OF TRUST and said note(s) for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and upon payment of its fees, Trustee may (A) by DEED OF PARTIAL RELEASE and PARTIAL RECONVEYANCE release and reconvey, without covenant or warranty, express or implied, any portion(s) of the property then held hereunder; the recitals in such DEED OF PARTIAL RELEASE and PARTIAL RECONVEYANCE of any matters shall be conclusive proof of the truthfulness thereof; the grantee in such DEED OF PARTIAL RELEASE and PARTIAL RECONVEYANCE may be described as "The Person or Persons Legally Entitled Thereto", (B) consent to the making of any map or plat thereof; (C) join in granting any easement thereon; or (D) join in any extension agreement or any agreement subordinating the lien or charge hereof. Beneficiary shall execute his release upon such DEED if so requested by Trustee.

(9) Upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this DEED OF TRUST and said note(s) to Trustee for cancellation and retention and upon payment of its fees, Trustee shall by DEED OF RELEASE and FULL RECONVEYANCE release and reconvey, without covenants or warranty, express or implied, the property then held hereunder. The recitals in such DEED OF RELEASE and FULL RECONVEYANCE of any matters shall be conclusive proof of the truthfulness thereof. The grantee in such DEED OF RELEASE and FULL RECONVEYANCE may be described as "The Person or Persons Legally Entitled Thereto."

(10) As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of this Trust, to collect the property income, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon such default, Beneficiary may at any time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, or the solvency of the Trustor, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection including reasonable attorney's fees, upon taking possession of said property. The collection of such property income and the application therefor as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this DEED OF TRUST. Beneficiary also shall deposit with Trustee this DEED OF TRUST, said note(s), and all documents evidencing expenditures secured hereby.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of: All sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S.33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgement for any balance due hereunder. The purchaser at the Trustee's sale shall be entitled to immediate possession of the property against the Trustor and shall have a right to the summary proceedings to obtain a possession provided in Title 12, Chapter 8, Article 4, Arizona Revised Statues, together with costs and reasonable attorney's fees.

In the alternative to foreclosure by Trustee's Sale, the Beneficiary may foreclose by Judicial proceedings, and in such event, the election to declare the unpaid balance immediately due and payable may be made in the complaint. In such Judicial proceedings Beneficiary shall be entitled to reasonable attorney's fees, costs of foreclosure report and all sums advanced with interest, as provided under paragraphs four (4) and five (5) herein.

(12) That Beneficiary may appoint a successor Trustee in the manner prescribed by law. A successor Trustee herein shall, without conveyance from the predecessor Trustee, succeed to all the predecessor's title, estate, rights, powers and duties. Trustee may resign by mailing or delivering notice thereof to Beneficiary and Trustor.

(13) That this DEED OF TRUST applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder of the note(s) secured hereby, whether or not named as Beneficiary herein. In this DEED OF TRUST, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

(14) Trustee accepts this trust when this DEED OF TRUST, duly executed and acknowledged, is made public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other DEED OF TRUST or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee. In the event Trustee is made a party in any legal or court proceeding as a result of litigation between the Trustor and Beneficiary or between a third party and either or both of Trustor and/or Beneficiary, the attorney's fees and costs of Trustee shall be paid by either Trustor or Beneficiary, whichever being the non prevailing party.

(15) Time is of the essence of this DEED OF TRUST and each and every provision hereof.

(16) Trustor and Beneficiary agree that the trust relationship created by this instrument is strictly limited to the creation and enforcement of a security interest in real property. Thus, all Trustee's duties, fiduciary or otherwise, are strictly limited to those imposed by this document and A.R.S. 33-801 through 33-821, inclusive, and no additional duties, burdens or responsibilities shall be placed on the Trustee.

(17) The Trustor requests that a copy of any Notice of Trustee's Sale hereunder be mailed to him at his address hereinbefore set forth. All notices required hereby shall be sent to the addresses indicated above unless such party shall have recorded a Request for Notice pursuant to A.R.S. 33-909A in the county recorder's office of the county where the property encumbered hereby is located, indicating a different address.

(18) This Deed of trust, when recorded, shall operate as a declaration of abandonment of any homestead previously recorded concerning the property described herein.

(19) ADDITIONAL TERMS AND CONDITIONS:

State of _____
County of _____ } ss.      Date of Acknowledgement_____

Acknowledgement of

This instrument was acknowledged before me this date by the persons above-subscribed and if subscribed in a representative capacity, then for the principal named and in the capacity indicated.

_____ Notary Public
My commission expires:

State of ___ARIZONA___
County of ___MARICOPA___ } ss.      Date of Acknowledgement_____

Acknowledgement of

This instrument was acknowledged before me this date by the persons above-subscribed and if subscribed in a representative capacity, then for the principal named and in the capacity indicated.

_____ Notary Public
My commission expires:

NOTE: The parties are cautioned that by completing and executing this document, legal rights, duties and obligations are created. By signing, the parties acknowledge that they have been advised to seek and obtain independent legal counsel as to all matters contained in the within document prior to signing same and that said parties have obtained advice or choose to proceed without same.
DOT3LI 7/28/93 JRH

**EXHIBIT 4**

# NOTE SECURED BY DEED OF TRUST

$ 520,000.00        Phoenix, Arizona        Date:   August 24, 2006

FOR VALUE RECEIVED, U.S. AMERICAN RESOURCES, INC., an Nevada corporation (Maker), the undersigned, jointly and severally, promise to pay to VINEYARD OFFICE PLAZA, LLC, an Arizona limited liability company (Holder) or order, at the address of the payee or the agreed agent,

the sum of Five Hundred Twenty Thousand and no/100ths DOLLARS,

PAYABLE: The entire unpaid principal balance shall become all due and payable on the earlier of: (1) October 27, 2006 (2) In the event that the property is sold, transferred, or conveyed in any manner whatsoever.

Principal and interest payable in lawful money of the United States of America.

If default occurs in the payment of any installment of principal or interest under this note when due, or in the performance of any agreement(s) contained in the Deed of Trust securing this note, the entire principal sum and accrued interest shall at once become due and payable, without notice, at the option of the holder of this note. Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default.

The undersigned jointly and severally agree to pay the following: (1) costs, expenses and attorney's fees paid or incurred in connection with the collection or enforcement of this note, whether or not suit is filed, and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this note or any part of it.

The makers and endorsers hereof jointly and severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of the note without notice.

This note is secured by a Deed of Trust to *Capital Title Agency Inc.*, a corporation, as Trustee, of even date herewith, executed in favor of the named payee as beneficiary.

U.S. AMERICAN RESOURCES, INC.,
a Nevada corporation

John Owen, President

## DO NOT DESTROY THIS NOTE

When paid, this original note, together with the deed of trust securing same, must be surrendered to trustee for cancellation and retention before reconveyance will be made.

note0804.doc 08/01je

Recorded at the Request of *Capital Title Agency Inc.*

When recorded mail to:
Vineyard Office Plaza, LLC
515 E. Carefree Hwy., #322
Phoenix, Arizona 85085

# DUE ON SALE
# DEED OF TRUST AND ASSIGNMENT OF RENTS

Escrow No.: 01060448

Date:   August 24, 2006

TRUSTOR: U.S. AMERICAN RESOURCES, INC., a Nevada corporation
whose mailing address is: 3839 Briargrove Lane, #6307, Dallas, Texas 75287

TRUSTEE: Capital Title Agency Inc., an Arizona corporation
whose mailing address is: 2901 East Camelback Road, Phoenix, Arizona 85016

BENEFICIARY: VINEYARD OFFICE PLAZA, LLC, an Arizona limited liability company
whose mailing address is 515 E. Carefree Hwy., #322, Phoenix, Arizona 85085

Property situate in the County of Yavapai, State of Arizona, as described as follows:

See Exhibit A attached hereto and made a part hereof.

Together with all buildings, improvements and fixtures thereon or hereinafter erected thereon.
Street address if any, or identifiable location of this property:

Vacant Land - Congress Mine, Congress, AZ 85332

THIS DEED OF TRUST, made on the above date by, between and among the TRUSTOR, TRUSTEE and BENEFICIARY above named.

WITNESSETH: That Trustor hereby irrevocably grants, conveys, transfers and assigns to the Trustee in Trust, with Power of Sale, the above described real property (the Trust Property), together with leases, issues, profits, or income therefrom (all of which are hereinafter called "property income"): SUBJECT, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income:

SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

Escrow No.: 01060448

**FOR THE PURPOSE OF SECURING:**

A. Payment of the indebtedness in the principal sum of $520,000.00 evidenced by a Promissory Note or Notes of even date herewith, and any extension or renewal thereof, executed by Trustor in favor of Beneficiary or order.

B. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust.

C. Performance of each agreement of Trustor herein contained.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

1. To keep said property in good condition and repair; not to remove or demolish any building, thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violations of law; and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2. To provide, maintain, and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.

4. To pay, before delinquent, all taxes and assessments affecting said property; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any Deed of Partial Release and Partial Reconveyance or Deed of Release and full Reconveyance, and all lawful charges, costs, and expenses in the event of reinstatement of, following default in, this Deed of Trust or the obligations secured hereby.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto: and, in exercising any such powers, pay necessary expenses, employ counsel, and pay his reasonable fees.

5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note or notes secured by this Deed of Trust or at the legal rate if it secures a contract or contracts other than a promissory note or notes. Any amounts so paid by Beneficiary or Trustee shall become a part of the debt secured by this Deed of Trust and a lien on said premises or immediately due and payable at option of Beneficiary or Trustee.

**IT IS MUTUALLY AGREED:**

6. That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold

*Description: Yavapai,AZ Document-Book.Page 4430.543 Page: 2 of 8*
*Order: jk Comment:*

Escrow No.: 01060448

the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7. That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8. That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plan of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge hereof.

9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice

11. That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this Deed of Trust. Beneficiary also shall deposit with Trustee this Deed of Trust, said note(s), and all documents evidencing expenditures secured hereby.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, subject to the statutory rights of reinstatement, the Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, Payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of all sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S. 33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due hereunder.

In lieu of sale pursuant to the power of sale conferred hereby, this Deed of Trust may be foreclosed in the same manner provided by law for the foreclosure of mortgages on real property. Beneficiary shall also have all other rights and remedies available him hereunder and at law or in equity. All rights and remedies shall be cumulative.

Doc Code: DOT Page 4 of 8
corded in Yavapai County, AZ
. Wayman-Trujillo, Recorder
CAPITAL TITLE AGENCY

Doc Id: 4051866
BK 4430 / PG 543
08/29/2006 04:25 P
Rec Fee: 16.00

Escrow No.: 01060448

12. That Beneficiary may appoint a successor Trustee in the manner prescribed by law. A successor Trustee herein shall, without conveyance from the predecessor Trustee, succeed to all the predecessor's title, estate, rights, powers, and duties. Trustee may resign by mailing or delivering notice thereof to Beneficiary and Trustor, by registered or certified mail, and by recordation of a Notice of Resignation of Trustee in the office of the County Recorded in each County in which trust property or some part thereof is situated.

13. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder of the note(s) secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

15. ALL SUMS DUE UNDER THE NOTE WHICH IS SECURED BY THIS DEED OF TRUST BECOME DUE AND PAYABLE IN FULL, UPON THE RESALE, TRANSFER OR CONVEYANCE OF THE TRUST PROPERTY BY THE TRUSTOR IN ANY MANNER WHATSOEVER.

The undersigned Trustor requests that a copy of any notice of Trustee's sale hereunder be mailed to him at his address hereinbefore set forth.

TRUSTOR

**U.S. AMERICAN RESOURCES, INC.,**

a Nevada corporation

John Owen, President

STATE OF
County of

} ss

This instrument was acknowledged before me this 25th day of August, 2006 by John Owen, as the President of U.S. AMERICAN RESOURCES, INC., a Nevada corporation, on behalf of said corporation



Notary Public

My commission will expire: _____

SEAL

OFFICIAL SEAL
CALLIE ANN DAHLGREN
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires June 8, 2007

File Code: DOT Page 5 of 8
corded in Yavapai County, AZ
. Wayman-Trujillo, Recorder
CAPITAL TITLE AGENCY

Doc Id: 4051866
BK 4430 / PG 543
08/28/2006 04:25 P
Rec Fee: 16.00

## EXHIBIT "A"

### Property and Legal Description of Real Property

PARCEL I:

The surface to a depth of 40 feet of the Congress Lode Mining Claim, Mineral Survey No. 878, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 476, records of Yavapai County, Arizona.

Except the following described parcels:

a) BEGINNING at the Collar of the No. 2 Shaft on the Congress Vein, which is South 60 Degrees, 57 Minutes, 38 Seconds East, 2287.40 feet from U.S. Mineral Monument No. 1;

Thence from No. 2 Shaft, East 50.00 feet to Corner 1;

Thence from Corner 1, South 45.00 feet to Corner 2;

Thence from Corner 2, West 100.00 feet to Corner 3;

Thence from Corner 3, North 45.00 feet to Corner 4;

Thence from Corner 4, East 50.00 feet to Shaft No. 2 and the POINT OF BEGINNING; and

b) BEGINNING at a point on the South edge of an Old Stamp Mill Site, designated as stake S. 21, which is South 55 Degrees, 21 Minutes, 52 Seconds East, 2540.02 feet from U.S. Mineral Monument No. 1 and which is South 15 Degrees, 05 Minutes, 18 Seconds East, 345.23 feet from the portal of No. 2 Congress Shaft;

Thence from S. 21, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 1;

Thence from Corner 1, North 15 Degrees, 00 Minutes, 00 Seconds East, 50.00 feet to Corner 2;

Thence from Corner 2, South 75 Degrees, 00 Minutes, 00 Seconds East, 100.00 feet to Corner 3;

Thence from Corner 3, South 15 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 4;

Thence from Corner 4, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to S. 21 and the POINT OF BEGINNING.

721667.1
3/24/2006

Rec Code: DOT Page 6 of 8
corded in Yavapai County, AZ
J. Wayman-Trujillo, Recorder
CAPITAL TITLE AGENCY

Doc Id: 4051866
BK 4430 / PG 543
08/29/2006 04:25 P
Rec Fee: 15.00

## PARCEL II:

The surface to a depth of 40 feet of the Queen of the Hills Lode Mining Claim, Mineral Survey No. 879, located in the Martinez Mining District, in Sections 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 480, records of Yavapai County, Arizona.

## PARCEL III:

The surface to a depth of 40 feet of the Mosouri Lode Mining Claim, Mineral Survey No. 881, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 488, records of Yavapai County, Arizona.

## PARCEL IV:

The surface to a depth of 40 feet of the Fraction or Fractional Lode Mining Claim, Mineral Survey No. 883, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 497, records of Yavapai County, Arizona.

Except the following described parcels:

a) BEGINNING at a point on the South edge of an Old Stamp Mill Site, designated as stake S. 21, which is South 55 Degrees, 21 Minutes, 52 Seconds East, 2540.02 feet from U.S. Mineral Monument No. 1 and which is South 15 Degrees, 05 Minutes, 18 Seconds East, 345.23 feet from the portal of No. 2 Congress Shaft;

Thence from S. 21, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 1;

Thence from Corner 1, North 15 Degrees, 00 Minutes, 00 Seconds East, 50.00 feet to Corner 2;

Thence from Corner 2, South 75 Degrees, 00 Minutes, 00 Seconds East, 100.00 feet to Corner 3;

Thence from Corner 3, South 15 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 4;

Thence from Corner 4, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to S. 21 and the POINT OF BEGINNING; and

721667.1
8/24/2006

b) BEGINNING at a point on the footwall of the No. 5 Niagara Shaft, designated as Stake S. 22, which is South 56 Degrees, 06 Minutes, 40 Seconds East, 3411.28 feet from U.S. Mineral Monument No. 1;

Thence from S. 22, South 50.00 feet to Corner 1;

Thence from Corner 1, West 50.00 feet to Corner 2;

Thence from Corner 2, North 130.00 feet to Corner 3;

Thence from Corner 3, East 100.00 feet to Corner 4;

Thence from Corner 4, South 130.00 feet to Corner 5;

Thence from Corner 5, West 50.00 feet to Corner 1 and the POINT OF BEGINNING.

PARCEL V:

Beginning at the Southwest corner of Section 14, T10N, R6W, North 00°, 05 minutes, 38 seconds West a distance of 1125.02 feet to the true point of beginning:

Thence North 00°, 05 minutes, 38 seconds West 861.55 feet to the West 1/64 corner of the Northwest quarter of the Southwest quarter, also known as the N S 1/64 corner;

Thence South 89°, 53 minutes, 27 seconds East, a distance of 1323.12 feet to the East 1/64 corner of said Northwest quarter of the Southwest quarter (NW/4SW/4), also known as the SW SW 1/64 corner;

Thence South 00°, 01 minutes, 03 seconds East a distance of 661.55 feet to the center of 1/16 corner of the Southwest quarter, also known as SW 1/16 corner;

Thence North 89°, 55 minutes, 06 seconds West, a distance of 73.95 feet to the Northeast side line, Line 5-6 of Why Not Lode, Mineral Survey No. 882;

Thence North 44°, 42 minutes, 10 seconds West, a distance of 309.46 feet to corner No. 5;

Thence South 43°, 50 minutes, 20 seconds West, a distance of 600.00 feet to Corner No. 3 of said Why Not Lode;

Thence Westerly to the True Point of Beginning.

EXCEPT all coal, oil, gas and other minerals as reserved from said land.

PARCEL VI

An easement for ingress, egress and public utilities, being 20.00 feet in width and measured perpendicular to the South line and parallel with the West line of Section 14 that lies in the Golden Thread Mining Claim, Mineral Survey No. 1352, located in

721667.1
8/24/2006

Doc Code: DOT Page 8 of 8
...corded in Yavapai County, AZ
...Wayman-Trujillo, Recorder
CAPITAL TITLE AGENCY

Doc Id: 4051866
BK 4430 / PG 543
08/28/2006 04:25 P
Rec Fee: 16.00

Martinez Mining District, in Section 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian Yavapai County, Arizona, patent whereof is recorded in Book 54 of Deeds, Page 104, records of Yavapai County, Arizona.

## PARCEL VII

An easement for ingress, egress and public utilities along the westerly 20.00 feet of Lot 7, Section 14, Township 10 North, Range 6 West, extending from its terminus on the northwest end line of the Golden Thread Mining Claim, Mineral Survey No. 1352, located in Martinez Mining District, in Section 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian Yavapai County, Arizona, patent whereof is recorded in Book 54 of Deeds, Page 104, records of Yavapai County, Arizona, to its terminus on the South line of Parcel V.

721667.1
8/24/2006

Description: Yavapai,AZ Document-Book.Page 4430.543 Page: 8 of 8
Order: jk Comment:

THIS IS A CONFORMED COPY OF INSTRUMENT
RECORDED ON DATE 2-27-07 TIME 7:30
IN BOOK 4484  PAGE 708-3pgs.
ANA BARAJAN-TRUJILLO, RECORDER
_____ DEPUTY

When Recorded, Mail to:
Drebs Law Offices, P.L.L.C.
1331 Joshua Avenue, Suite C
Parker, AZ 85344

## WARRANTY DEED

For the consideration of ten dollars, and other valuable consideration, U.S. American Resources, Inc., a Nevada corporation, hereafter called the Grantor, does hereby grant, bargain, sell and convey to U.S. American Stone and Minerals, Inc., a Nevada corporation, the following described patented mining claim situated in Yavapai County, Arizona:

See Exhibit "A" attached hereto and incorporated herein by reference.

Subject to all matters of record

Dated this 26th day of February, 2007.

U. S. AMERICAN RESOURCES, INC.

By _____ Pres & Ceo
Its CEO

State of Texas           )
                         ) ss.
County of Dallas         )

Acknowledged before me this 26 day of February, 2007, by John Owen, CEO of U. S. American Resources, Inc.

(Seal)  DENISE L. MARSH
        Notary Public, State of Texas
        Commission Expires
        NOVEMBER 2, 2010

_____
Notary Public

**EXHIBIT**

**A**

Doc Cap: DOT Page 2 2/3
Guaranteed in Yavapai County, AZ
Ana Wayman-Trujillo, Recorder
CAPITAL TITLE AGENCY

Doc ID: 4391664
BK: 4430 PG 943
03/20/2006 04:25 P
Rec Fee: 18.00

### EXHIBIT "A"

#### Property and Legal Description of Real Property

PARCEL 1:

The surface to a depth of 40 feet of the Congress Lode Mining Claim, Mineral Survey No. 878, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 39 of Deeds, Page 476, records of Yavapai County, Arizona.

Except the following described parcels:

a) BEGINNING at the Collar of the No. 2 Shaft on the Congress Vein, which is South 60 Degrees, 57 Minutes, 38 Seconds East, 2287.40 feet from U.S. Mineral Monument No. 1;

Thence from No. 2 Shaft, East 50.00 feet to Corner 1;

Thence from Corner 1, South 45.00 feet to Corner 2;

Thence from Corner 2, West 100.00 feet to Corner 3;

Thence from Corner 3, North 45.00 feet to Corner 4;

Thence from Corner 4, East 50.00 feet to Shaft No. 2 and the POINT OF BEGINNING; and

b) BEGINNING at a point on the South edge of an Old Stamp Mill Site, designated as stake S. 21, which is South 55 Degrees, 21 Minutes, 52 Seconds East, 2540.02 feet from U.S. Mineral Monument No. 1 and which is South 15 Degrees, 05 Minutes, 18 Seconds East, 345.23 feet from the portal of No. 2 Congress Shaft;

Thence from S. 21, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 1;

Thence from Corner 1, North 15 Degrees, 00 Minutes, 00 Seconds East, 50.00 feet to Corner 2;

Thence from Corner 2, South 75 Degrees, 00 Minutes, 00 Seconds East, 100.00 feet to Corner 3;

Thence from Corner 3, South 15 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 4;

Thence from Corner 4, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to S. 21 and the POINT OF BEGINNING.

731651.1
3/24/2006

**PARCEL II:**

The surface to a depth of 40 feet of the Queen of the Hills Lode Mining Claim, Mineral Survey No. 879, located in the Martinez Mining District, in Sections 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 480, records of Yavapai County, Arizona.

**PARCEL III:**

The surface to a depth of 40 feet of the Missouri Lode Mining Claim, Mineral Survey No. 881, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 488, records of Yavapai County, Arizona.

**PARCEL IV:**

The surface to a depth of 40 feet of the Fraction or Fractional Lode Mining Claim, Mineral Survey No. 883, located in the Martinez Mining District, in Sections 14 and 23, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, patent whereof is recorded in Book 30 of Deeds, Page 497, records of Yavapai County, Arizona.

Except the following described parcels:

a) BEGINNING at a point on the South edge of an Old Stamp Mill Site, designated as stake S. 21, which is South 55 Degrees, 21 Minutes, 52 Seconds East, 2540.02 feet from U.S. Mineral Monument No. 1 and which is South 15 Degrees, 05 Minutes, 18 Seconds East, 345.23 feet from the portal of No. 2 Congress Shaft;

Thence from S. 21, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 1;

Thence from Corner 1, North 15 Degrees, 00 Minutes, 00 Seconds East, 50.00 feet to Corner 2;

Thence from Corner 2, South 75 Degrees, 00 Minutes, 00 Seconds East, 100.00 feet to Corner 3;

Thence from Corner 3, South 15 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to Corner 4;

Thence from Corner 4, North 75 Degrees, 00 Minutes, 00 Seconds West, 50.00 feet to S. 21 and the POINT OF BEGINNING; and

721667.1
2/24/2006

b) BEGINNING at a point on the footwall of the No. 5 Niagara Shaft, designated as Stake S. 22, which is South 56 Degrees, 06 Minutes, 40 Seconds East, 3411.28 feet from U.S. Mineral Monument No. 1;

Thence from S. 22, South 50.00 feet to Corner 1;

Thence from Corner 1, West 50.00 feet to Corner 2;

Thence from Corner 2, North 130.00 feet to Corner 3;

Thence from Corner 3, East 100.00 feet to Corner 4;

Thence from Corner 4, South 130.00 feet to Corner 5;

Thence from Corner 5, West 50.00 feet to Corner 1 and the POINT OF BEGINNING.

PARCEL V:

Beginning at the Southwest corner of Section 14, T10N, R6W, North 00°, 05 minutes, 38 seconds West a distance of 1125.02 feet to the true point of beginning:

Thence North 00°, 05 minutes, 38 seconds West 861.55 feet to the West 1/64 corner of the Northwest quarter of the Southwest quarter, also known as the N S 1/64 corner;

Thence South 89°, 53 minutes, 27 seconds East, a distance of 1323.12 feet to the East 1/64 corner of said Northwest quarter of the Southwest quarter (NW/4SW/4), also known as the SW SW 1/64 corner;

Thence South 00°, 01 minutes, 03 seconds East a distance of 661.55 feet to the center of 1/16 corner of the Southwest quarter, also known as SW 1/16 corner;

Thence North 89°, 55 minutes, 06 seconds West, a distance of 73.95 feet to the Northeast side line, Line 5-6 of Why Not Lode, Mineral Survey No. 882;

Thence North 44°, 42 minutes, 10 seconds West, a distance of 309.46 feet to corner No. 5;

Thence South 43°, 50 minutes, 20 seconds West, a distance of 600.00 feet to Corner No. 3 of said Why Not Lode;

Thence Westerly to the True Point of Beginning.

EXCEPT all coal, oil, gas and other minerals as reserved from said land.

PARCEL VI

An easement for ingress, egress and public utilities, being 20.00 feet in width and measured perpendicular to the South line and parallel with the West line of Section 14 that lies in the Golden Thread Mining Claim, Mineral Survey No. 1352, located in

721557.1
12/4/2003

Martinez Mining District, in Section 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian Yavapai County, Arizona, patent whereof is recorded in Book 54 of Deeds, Page 104, records of Yavapai County, Arizona.

PARCEL VII

An easement for ingress, egress and public utilities along the westerly 20.00 feet of Lot 7, Section 14, Township 10 North, Range 6 West, extending from its terminus on the northwest end line of the Golden Thread Mining Claim, Mineral Survey No. 1352, located in Martinez Mining District, in Section 14, Township 10 North, Range 6 West of the Gila and Salt River Base and Meridian Yavapai County, Arizona, patent whereof is recorded in Book 54 of Deeds, Page 104, records of Yavapai County, Arizona, to its terminus on the South line of Parcel V.

*JOYCE W. LINDAUER*
*ATTORNEY AT LAW & MEDIATOR*
*8140 WALNUT HILL LANE*
*SUITE 301*
*DALLAS, TX 75231*
*email: joyce@joycelindauer.com*

*Telephone No.*
*(972) 503-4033*

*Facsimile No.*
*(972) 503-4034*

TELECOPY TRANSMISSION SHEET

TO:                 James F. Byrne, Jr.

TELECOPIER:     602-522-8145

FROM:              Joyce Lindauer

DATE:              2/27/07

FILE NO.:          U.S. American Stone and Minerals, Inc.

**NUMBER OF PAGES** (including cover page):

Message: IMMEDIATE ATTENTION. Enclosed is notice of bankruptcy filing - Chapter 11 for U.S. American Stone and Minerals, Inc. the owner of the property known as the Congress Mine and described on Exhibit "A" attached hereto. The ownership of the property is held in the name of U.S. American Stone and Minerals, Inc. attached is a copy of the Warranty Deed filed of record showing ownership in American Stone and Minerals, Inc. The bankruptcy filing is in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division creating an automatic stay which stops any sale of the property scheduled for February 28, 2007 or thereafter.

For Your Reference Also Sent By:
_____ Regular First Class Mail
_____ Certified Mail

*The information contained in this facsimile message contains privileged and confidential information and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.*

If you have any difficulties in receiving this transmission, please call Joyce Lindauer 972-503-4033.