**WARNICKE & LITTLER, P.L.C.**
1411 N. Third Street
Phoenix, Arizona 85004
TELEPHONE (602) 256-0400
FAX (602) 256-0345
E-MAIL: administrator@warnickelittler.com
Thomas E. Littler/SBN 006917
Robert C. Warnicke/SBN 015345
Attorneys for Rock Bottom, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In proceedings Under Chapter 11 |
| **U. S. AMERICAN STONE AND MINERALS, INC.** | Case No. 2:07-bk-01628-GBN |
| **Debtor.** | |

**MOTION FOR ORDER REQUIRING JAMES CHATHAM TO APPEAR AND BE EXAMINED AND PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

Rock Bottom, LLC ("Rock Bottom"), by and through its undersigned counsel, respectfully requests that the Court enter an order directing James Chatham ("Chatham") to appear and submit to an oral examination pursuant to Bankruptcy Rule 2004(d) regarding matters which affect the administration of the Debtor's estate, and the assets and liabilities of the Debtor. Specifically, but without limitation, Rock Bottom requests that Chatham be examined under oath in relation to the following:

    a.    Acts, conduct or property, that relate to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or the operation of the Debtor business, the desirability of its continuance, the source of monies or property to be acquired by the Debtor for purposes of consummating a plan of reorganization, and other matters relevant to the case and to the formulation of a plan;

    b.    The negotiation and execution of the "term sheet" attached to the Debtor's Third Emergency Motion For Entry of A Final Order Approving Motion for Replacement

Post-petition Financing; and Granting Replacement Lender Liens and Security Interests in Real and Personal Property; And An Administrative Priority Claim ("Debtor's Replacement Financing Motion") and all discussions with the Debtor or John Owen relating thereto;

c. The statement and representations to the Court by Chatham that:

1. LCG intends to make a $3,000,000 revolving line of credit available to the Debtor on the terms and conditions set forth in the term sheet subject only to Bankruptcy Court approval;"

2. That LCG has sufficient and readily available funds to make the anticipated DIP loan;

3. That "LCG has a deposit account containing no less than $140,000,000 and also possesses a line of credit with the same financial institution in an amount of no less than $1,115,000; and

4. That LCG had $140,000,000 in "immediately available funds in a bank account."

d. The reasons that the loan to the Debtor has not been funded.

e. The statements, the representations and the promises made that the loan was going to be funded by certain times.

f. The statements made in Chatham's letter of November 10, 2009 promising, among other things, that "I will be overseeing the transaction and making the necessary transfers to facilitate the closing next week."

The grounds for the motion are that Rock Bottom is the post petition lender to the Debtor which is in default. The Debtor filed the Debtor's Replacement Financing Motion seeking to approve a loan from Chatham's company which was going to be used to pay off the Rock Bottom loan. That application was approved by this Court's Order after the expenditure of substantial fees and costs by the Debtor

and Rock Bottom. After the entry of the order approving the loan Chatham made numerous representations and promises to the Debtor and the Court relating to a loan to the Debtor which despite repeated promises and representations has not closed. One of the purposes of the examination is to evaluate whether the loan will fund as promised and ordered by this Court, to determine if there have been fraudulent representations made to Court, to evaluate the Debtor's and the Estate's and Rock Bottom's claims against LCG and Chatham relating to the false representations and the failure to fund the promised loan, and other matters relating to the administration of this Debtor's estate.

In addition, Rock Bottom respectfully requests that the Court's order require Chatham to bring to the examination the documents listed on Exhibit A attached hereto pursuant to Bankruptcy Rule 2004(c). These documents relate to the loan terms and the promises and representations made to Court and counsel relating to the funding of the loan.

Rock Bottom requests that the order require Chatham to appear at:

**Hiersche, Hayward, Drakeley & Urbach, P.**
15303 Dallas Parkway Suite 700
Addison, TX 75001

which location is believed to be within one hundred miles of Chatham's residence.

Rock Bottom requests that the examination be held on February 16, 2010 at 10:00 o'clock a.m. CST, or at some other date: if upon notice, not less than twenty days notice or at such other time as Chatham and Rock Bottom mutually agree to in writing.

RESPECTFULLY SUBMITTED his 21 day of January, 2010.

WARNICKE & LITTLER, P.L.C.

By _____
Thomas E. Littler
Robert C. Warnicke
1411 N. Third Street
Phoenix, Arizona 85004
Attorneys for Rock Bottom, LLC

COPY of the foregoing mailed this
___ day of January, 2010, to:

Christopher H. Bayley, Esq.
Lori Lewis, Esq.
Andrew A. Harnisch, Esq.
SNELL & WILMER, L.P
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Debtor-in-Possession
Plaintiff U. S. American Stone and
Minerals, Inc.
cbayley@swlaw.com
llewis@swlaw.com
aharnisch@swlawcom

Jonathan E. Hess
Office of the U. S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003
Jon.e.hess@usdoj.com
Elizabeth.C.Amorosi@usodj.com

Joyce Lindauer
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
Counsel for Debtor
joyce@joycelindauer.com

By /s/ Gayle D. Campbell

# EXHIBIT A

## Exhibits

1. All documents relating in any way to the negotiations, due diligence, and/or the closing of the loan to the Debtor pursuant to the term sheet attached to the Debtor's Third Emergency Motion For Entry of A Final Order Approving Motion for Replacement Post-petition Financing; And Granting Replacement Lender Liens and Security Interests in Real and Personal Property; And An Administrative Priority Claim ("Debtor's Replacement Financing Motion").

2. All documents relating in any way to the term sheet attached to Debtor's Replacement Financing Motion.

3. All documents relating to the deposit account containing no less than $140,000,000 believed to be at Wells Fargo Bank.

4. All documents relating to the line of credit in an amount of no less than $1,115,000; and

5. All documents relating to the representation that LCG had $140,000,000 in "immediately available funds in a bank account."

6. All documents relating to U.S. American Stone and Materials, Inc., U.S. American Resources Inc., any employees or officers of the foregoing, and/or John Owen (including all correspondence with any attorneys or employees of Snell & Wilmer LLP or Joyce Lindauer).

## Definitions

The following definitions are applicable to the accompanying request to produce contained herein:

A. The word "**document**" or "**documents**" include, without limitation, all written, recorded, taped or graphic material, any records, files, notes, correspondence, contracts, agreements, blueprints, drawings, specifications, instructions, engineering documents, plans, calendars, inter-office memoranda, intra-office memoranda, memoranda of any nature, telegrams, electronic media, electronic mail ("E-mail"), newsletters or other publications, drafts, preliminary reports, final reports, reports of any nature, schedules, agendas, minutes, diaries, facsimiles, telecopies, scanned copies, accounting records and work sheets, statement forms, certificates, receipts, bills, invoices, sound recordings, video recordings, photographs, slides, photographic negatives, computer disks, computer tapes, computer printouts, any information accessible through electronic data processing, charts, graphs, estimates, summaries and underlying materials, letter, summaries of records of personal conversations, notes regarding

conversations, conferences or telephone conversations, tapes, recorded, written, printed and typed matters or any kind or description, and any and all tangible things on, or by which information is recorded, transmitted or stored. "Document" and "documents" include all drafts, revisions, copies which are marked on, written on, edited, revised or which have been altered in any way, or which are otherwise not identical in content to the originals, and shall include all copies where no original exists. Any comment or notation appearing on any document, which comment or notation is not a part of the original text, is to be considered a separate "document". Any draft, or any other preliminary form of any document, is also to be considered a separate "document".

B. The words "**and**" and "**or**" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

C. The words "**relate**," "or "**related**" refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, jointed or linked together logically for whatever reason, and shall be construed to encompass the past, present or future tenses of the terms "discuss", "describe", "refer to", "evidence", "summarize", "reflect", "show", "mention", "concern", and "comment upon".