WARNICKE & LITTLER, P.L.C.
1411 N. Third Street
Phoenix, Arizona 85004
TELEPHONE (602) 256-0400
FAX (602) 256-0345
E-MAIL: administrator@warnickelittler.com
Thomas E. Littler/SBN 006917
Robert C. Warnicke/SBN 015345
Attorneys for Rock Bottom, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**U. S. AMERICAN STONE AND MINERALS, INC.**<br><br>Debtor. | In proceedings Under Chapter 11<br><br>Case No. 2:07-bk-01628-GBN |

**ORDER REQUIRING JAMES CHATHAM TO APPEAR
AND BE EXAMINED AND PRODUCE DOCUMENTS PURSUANT TO
BANKRUPTCY RULE 2004**

The Application of Rock Bottom, LLC ("Rock Bottom"), pursuant to Bankruptcy Rule 2004(a), having been submitted to this Court, and good cause appearing,

IT IS HEREBY ORDERED that James Chatham shall appear at

**Hiersche, Hayward, Drakeley & Urbach, P.**
15303 Dallas Parkway Suite 700
Addison, TX 75001

on February 16, 2010 at 10:00 o'clock a.m. CST, or at some other date: if upon notice, not less than twenty days notice or at such other time as Chatham and Rock Bottom mutually agree to in writing to be examined under oath in relation to the following:

    a.    Acts, conduct or property, that relate to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or the operation of the Debtor's business, the desirability of its continuance, the source of

monies or property to be acquired by the Debtor for purposes of consummating a plan of reorganization, and other matters relevant to the case and to the formulation of a plan;

b. The negotiation and execution of the "term sheet" attached to the Debtor's Third Emergency Motion For Entry of A Final Order Approving Motion for Replacement Post-petition Financing; And Granting Replacement Lender Liens and Security Interests in Real and Personal Property; And An Administrative Priority Claim ("Debtor's Replacement Financing Motion") and all discussions with the Debtor or John Owen relating thereto;

c. The statement and representations to the Court by Chatham that:

1. LCG intends to make a $3,000,000 revolving line of credit available to the Debtor on the terms and conditions set forth in the term sheet subject only to Bankruptcy Court approval;"

2. That LCG has sufficient and readily available funds to make the anticipated DIP loan;

3. That "LCG has a deposit account containing no less than $140,000,000 and also possesses a line of credit with the same financial institution in an amount of no less than $1,115,000; and

4. That LCG had $140,000,000 in "immediately available funds in a bank account."

d. The reasons that the loan to the Debtor has not been funded.

e. The statements, the representations and the promises made that the loan was going to be funded by certain times.

f. The statements made in Chatham's letter of November 10, 2009 promising, among other things, that "I will be overseeing the transaction and making the necessary transfers to facilitate the closing next week."

IT IS FURTHER ORDERED that with respect to this Application, pursuant to Bankruptcy Rule 2004(c), the documents as defined in Exhibit "A," attached shall be produced by not later than the commencement of the examination.

DATED AND SIGND ABOVE

# EXHIBIT A

## Exhibits

1. All documents relating in any way to the negotiations, due diligence, and/or the closing of the loan to the Debtor pursuant to the term sheet attached to the Debtor's Third Emergency Motion For Entry of A Final Order Approving Motion for Replacement Post-petition Financing; And Granting Replacement Lender Liens and Security Interests in Real and Personal Property; And An Administrative Priority Claim ("Debtor's Replacement Financing Motion").

2. All documents relating in any way to the term sheet attached to Debtor's Replacement Financing Motion.

3. All documents relating to the deposit account containing no less than $140,000,000 believed to be at Wells Fargo Bank.

4. All documents relating to the line of credit in an amount of no less than $1,115,000; and

5. All documents relating to the representation that LCG had $140,000,000 in "immediately available funds in a bank account."

6. All documents relating to U.S. American Stone and Materials, Inc., U.S. American Resources Inc., any employees or officers of the foregoing, and/or John Owen (including all correspondence with any attorneys or employees of Snell & Wilmer LLP or Joyce Lindauer).

## Definitions

The following definitions are applicable to the accompanying request to produce contained herein:

A. The word "**document**" or "**documents**" include, without limitation, all written, recorded, taped or graphic material, any records, files, notes, correspondence, contracts, agreements, blueprints, drawings, specifications, instructions, engineering documents, plans, calendars, inter-office memoranda, intra-office memoranda, memoranda of any nature, telegrams, electronic media, electronic mail ("E-mail"), newsletters or other publications, drafts, preliminary reports, final reports, reports of any nature, schedules, agendas, minutes, diaries, facsimiles, telecopies, scanned copies, accounting records and work sheets, statement forms, certificates, receipts, bills, invoices, sound recordings, video recordings, photographs, slides, photographic negatives, computer disks, computer tapes, computer printouts, any information accessible through electronic data processing, charts, graphs, estimates, summaries and underlying materials, letter, summaries of records of personal conversations, notes regarding

conversations, conferences or telephone conversations, tapes, recorded, written, printed and typed matters or any kind or description, and any and all tangible things on, or by which information is recorded, transmitted or stored. "Document" and "documents" include all drafts, revisions, copies which are marked on, written on, edited, revised or which have been altered in any way, or which are otherwise not identical in content to the originals, and shall include all copies where no original exists. Any comment or notation appearing on any document, which comment or notation is not a part of the original text, is to be considered a separate "document". Any draft, or any other preliminary form of any document, is also to be considered a separate "document".

B. The words **"and"** and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

C. The words **"relate,"** "or **"related"** refer to the state of being mutually or reciprocally interested, an aspect or quality that connects two or more things or parts as being or belonging together, connected, jointed or linked together logically for whatever reason, and shall be construed to encompass the past, present or future tenses of the terms "discuss", "describe", "refer to", "evidence", "summarize", "reflect", "show", "mention", "concern", and "comment upon".