**ORDERED ACCORDINGLY.**

Dated: May 20, 2010

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

Anthony W. Clark, Arizona Bar #:018279
Anthony W. Clark and Associates, PLLC
PO Box 34506
Phoenix, Arizona 85067
ecf@awcesq.com
Telephone: (602) 266-9596
Facsimile: (602) 266-6774

Attorney for The Gerald Blank Trust,
Rachel Blank, Successor Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No.: 07-01628-ECF-GBN |
| U.S. AMERICAN STONE AND MINERALS, INC., | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION AND APPLICATION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS** |

Upon consideration of the Motion and Application for Rule 2004 Examination and Production of Documents (the "Application") filed by creditor The Gerald Blank Trust, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the examination of Robert Palmer and James G. Somma as representatives of the Debtor in these proceedings shall be conducted on June 14, 2010 beginning at 9:00 a.m. and 1:00 p.m. respectively at the at the law offices of Anthony W. Clark and Associates, PLLC at 1990 West Camelback, Suite 207, Phoenix, Arizona 85015.

1   **IT IS FURTHER ORDERED** that Debtor produce the documents
2   requested in the ATTACHMENT to the present Motion for copying
3   and inspection at 1990 West Camelback, Suite 207, Phoenix,
4   Arizona 85015 or by verified mailing to PO Box 34506, Phoenix,
5   Arizona 85067 on or before **June 11, 2010**.
6
7
8              **ORDERED AND ENTERED AS DATED ABOVE.**

**ATTACHMENT**

As used herein, the following terms shall have the meanings set forth hereinafter.

"and or" shall mean and be construed to call for the broadest inclusive response and shall not be construed to limit the scope of the request or response thereto in any manner.

"USASM" shall mean Debtor U.S. AMERICAN STONE AND MINERALS, INC. including its officers, directors, employees, agents and servants, other than attorneys with whom communication is alleged to be privileged.

"Plaintiff" and "Blank Trust" shall mean The Gerald Blank Trust and Gerald Blank individually and as Trustee of the Gerald Blank Trust, collectively, including employees, agents, servants and assigns.

"Defendant" shall mean any named Defendant named in Adversary Case No. 2:07-ap-00293 and "Defendants" shall mean all named Defendants in said action, unless otherwise specifically limited or denominated.

"USAR" shall mean U.S. AMERICAN RESOURCES, INC. including its officers, directors, employees, agents and servants, other than attorneys with whom communication is alleged to be privileged.

"IER" shall mean INTERNATIONAL ENERGY AND RESOURCES, INC. including its officers, directors, employees, agents and servants, other than attorneys with whom communication is alleged to be privileged.

"PALMER" shall mean ROBERT PALMER.
"BROWN" shall mean DON E. BROWN.
"HANCOCK" shall mean DON HANCOCK.
"CLARK" shall mean R. DAVID CLARK.
"OWEN" shall mean JOHN D. OWEN.

"You" and "Your" shall mean and refer to USASM, Robert Palmer and James Somma, collectively for purposes of producing documents requested hereunder.

"Participant" shall mean each and every investor, individual, person, incorporated entity, limited liability company, partnership, estate, trust, joint venture or other actor or being (whether corporeal or incorporeal) who paid, transferred, conveyed, gave, delivered or relinquished anything of value in exchange for the purchase, acquisition, assignment, conveyance, pledge or grant of any right, interest, position, equity, share, stake, stock or expectancy in any enterprise, venture, joint venture, opportunity, investment, undertaking, offering, partnership, project, cooperative or entity that was offered, created, incorporated, formed, promoted, represented, operated, maintained, managed, sold or held by USASM, USAR, IER,

OWEN, PALMER, BROWN, CLARK and or HANCOCK during the period 1/1/2001 through 12/1/2008 (Blank Trust is included in this definition of "participant").

"Correspondence" shall mean any and all recorded communication to or from the referenced person(s), including written letters, electronic mail, facsimile, audio, video, digital, stenographic and other recordings and documents.

"Document" shall mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, e-mails, wire transfers, notes, notations, work papers, inter and intraoffice communications to, between, or among directors, or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, all other records kept by electronic, photographic, or mechanical means, and anything similar to any of the foregoing, regardless of their author or origin, of any kind.

**INSTRUCTIONS**

To the extent any request seeks production of an electronic record, file, electronic mail or other digitally recorded material not readily available in hard-copy (paper), you are directed to produce same in an uncompressed, unencrypted, digitally encoded record in CD (compact disk) format and if such material is password-protected, you are directed to provide the highest level password permitting unlimited access to such material in its reproduced form.

Furnish all requested documents known or available to you regardless of whether such documents are possessed directly by you, your agents, employees, representatives, investigators, or attorneys or their agents, employees, representatives or investigators and regardless of whether the documents were generated by you or on your behalf.

To the extent you regard any request excessively broad or vague in any aspect and or to the extent any request calls for one or more documents relating to a period of time for which you possess or have knowledge of only a part but not the entire period referenced, you are directed to produce or make available for copying and inspection that portion of the document(s) requested presently in your possession and otherwise you are

directed to provide, if known, the identity (first and last name), complete mailing address(es) and telephone number(s) of the possessor(s) of the balance of such document(s) and or that of those who may have knowledge of its whereabouts.

To the extent you contend production of any one or more of the requested document(s) would or might compromise the privacy, security, integrity, standing or reputation of any person or entity or risk disclosure or dissemination of any proprietary or other information deserving or warranting confidentiality or other protection from disclosure, you are directed to redact that portion of any document(s) posing such a risk, state in the responses hereto that redaction has been made and the reasons for same and produce for copying and inspection the balance of the requested document(s) as redacted or, alternatively, proffer, within seven (7) days before the date when responses to these requests are due, a proposed Stipulated Protective Order and Confidentiality Agreement limiting the reproduction, dissemination and publication of the un-redacted subject document(s).

If any documents or things requested were at one time in existence but are no longer in existence, so state, specifying for each such document: (1) the type of document; (2) the type of information contained in it; (3) the date upon which it ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of who had knowledge of the contents of it.

In the event you are unable to produce or make one or more of the documents requested available for copying and inspection, you are directed to set forth the reason(s) for such inability and, if known, the identity (first and last name), complete mailing address(es) and telephone number(s) of the possessors of such document(s) and or the identities of those who may have knowledge of its whereabouts.

**DOCUMENTS REQUESTED**

1) A true and correct copy of any and all written agreement(s) and or contract(s) (executed in hand-writing or otherwise) between Plaintiff and any and or all Defendant(s) along with any and or all cancellation(s) thereof, amendment(s) and any and or all addendum(s) thereto.

2) Any and all documentary evidence of payment(s) originating from or issued by any and or all Defendant(s) at any time (whether in the form of hard currency, by written instrument including personal check, company check, cashier's check or

money order and or by electronic funds transfer) made, paid, conveyed, delivered or transferred to or for the benefit of the Plaintiff.

3) The loan application, financial statement and or other solicitation and or correspondence submitted to Vineyard Office Plaza, LLC (its agent, attorney or representative) in connection with the purchase of the Vineyard Tract at the Congress Mine in Yavapai County, Arizona, which is the subject of the Motion for Relief from the Automatic Stay (Docket Entry #6) filed in this matter, including supporting documents.

4) The loan application, financial statement and or other solicitation and or correspondence submitted to Rock Bottom, LLC (its agent, attorney or representative) in support of any and or all efforts to obtain Debtor-In-Possession financing for USASM, including supporting documents.

5) The lease and or leases (and any and or all renewals and addendums thereto) that established any Defendant's possession of the premises located at 3839 Briargrove Lane, Dallas, Texas.

6) The lease and or leases (and any and or all renewals and addendums thereto) that established any Defendant's possession of the premises located at 6263 North Scottsdale Road, Suite 145, Scottsdale, Arizona 85250.

7) The lease and or leases (and any and or all renewals and addendums thereto) that established any Defendant's possession of the premises in Plano, Texas referenced in HANCOCK's March 9, 2010 deposition (see Exhibit A).

8) The storage lease agreement and or contract (and any and or all renewals and addendums thereto) between any and or all Defendant(s) and any and or all storage facilities where property belonging to IER, USAR and or USASM has been stored during the period 1/1/2001 through the present.

9) Articles of incorporation, Bylaws and Amendments thereto, Resolutions and Minutes of shareholder and board(s) of directors meetings for USAR, USASM and IER for the period 1/1/2001 through 4/1/2007.

10) Stock certificates issued in connection with USAR's acquisition of and or ownership of corporate shares of USASM.

11) Stock certificates issued in connection with OWEN's acquisition of or ownership of corporate shares of USAR.

12) Federal Tax Returns (including payroll tax returns) filed by IER for each year from date of incorporation until IER was sold to the "man in Spain" as referenced in OWEN's March 8, 2010 deposition (see Exhibit B).

13) Federal Tax Returns (including payroll tax returns) filed by USAR and USASM since their incorporation.

14) OWEN's Federal Income Tax Returns for 2001, 2002, 2003, 2004, 2005, 2006 and 2007.

15) Correspondence between the Plaintiff and any and or all Defendants during the period between 7/1/2005 and 12/31/2008.

16) Correspondence between any and or all Defendant(s) and any and or all participant(s) during the period between 7/1/2005 and 4/30/2007.

17) Telephone billing records for all land lines and cellular telephone accounts reflecting itemized long-distance calls and charges made or incurred by IER during the period between 7/1/2005 and 12/1/2005 and those for USAR and USASM for the period between 7/1/2006 and 4/1/2007.

18) Telephone billing records for all land lines and cellular telephone accounts reflecting itemized long-distance calls and charges made or incurred by OWEN during the period between 7/1/2005 and 12/1/2005 and between 7/1/2006 and 4/1/2007.

19) A true and correct copy of each issue or version of the "book" mailed to "leads" referenced in HANCOCK's March 9, 2010 deposition (see Exhibit A), including those mailed before, during and after his employment at IER.

20) The EML or list of the electronic mail addresses of each "participant" in Chastain Mine Joint Venture I.

21) The Purchase/Sale agreement regarding the sale of IER to the "man in Spain" as referenced in OWEN's March 8, 2010 deposition (see Exhibit B) and evidence of the payment received (check payable or bank statement reflecting deposit of funds in whatever form).

22) The Quickbooks (or other electronic accounting software) company file reflecting IER's financial operations and records during the period 1/1/2001 through 6/1/2001 and 6/1/2005 through the date shares in IER were sold to the "man in Spain" as referenced in OWEN's March 8, 2010 deposition (see Exhibit B).

23) Monthly statements for all deposit, investment and merchant accounts held by IER for the period 1/1/2001 through 6/1/2001 and 6/1/2005 through the date shares in IER were sold to the "man in Spain" as referenced in OWEN's March 8, 2010 deposition (see Exhibit B).

24) The Quickbooks (or other electronic accounting software) company file reflecting USAR's financial operations and records during the period 12/1/2004 through 3/1/2005, 7/1/2005 through 11/1/2005 and 6/1/2006 through 3/1/2010.

25) Monthly statements for all deposit, investment and merchant accounts held by USAR for the period 12/1/2004 through 3/1/2005, 7/1/2005 through 11/1/2005 and 6/1/2006 through 3/1/2010.

26) The Quickbooks (or other electronic accounting software) company file reflecting USASM's financial operations and records during the period beginning with incorporation through April 1, 2007.

27) Monthly statements for all deposit, investment and merchant accounts held by USASM for the period beginning with incorporation through April 1, 2007.

28) Any and all contracts between Global Timber and Resources, Incorporated and any and all Defendants.

29) The participant agreement between IER and HANCOCK.

30) The lend/lease/rental agreement between USASM and any Defendant for USASM's use of equipment owned or leased by any and all Defendants.

31) Notes payable, financing or loan agreements between any of the Defendants.

32) A true, correct and complete copy of the document evidenced by Exhibit C, purportedly issued by IER.

33) Articles of incorporation, Limited Liability Company formation, partnership, trust or other evidence of formation of the IER Foundation as referenced in Exhibit D.

34) A true and correct copy of the lease of "screening plant" as referenced in Exhibit D.

35) Any and all documentary evidence that Plaintiff breached any obligation or duty owed due any Defendant and or evidence of any act, omission, statement or other conduct on the part of the Plaintiff that in any way harmed or brought damages or loss of any kind to any Defendant at any time.