GORDON SILVER
THOMAS E. LITTLER, ESQ./SBN 006917
E-mail: tlittler@gordonsilver.com
ROBERT C. WARNICKE, ESQ./SBN 015345
E-mail: robert.warnicke@gordonsilver.com
40 North Central Avenue, Ste. 2100
Phoenix, Arizona 85004
Telephone (602) 256-0400
Facsimile (602) 256-0345
Attorneys for Rock Bottom, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>U. S. AMERICAN STONE AND MINERALS, INC.,<br>          Debtor. | Case No.: 2:07-bk-01628<br><br>Chapter 11 |

## OBJECTION TO APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE OF STEPHEN FEHRMANN

Rock Bottom, LLC. ("Rock Bottom"), a Chapter 11 creditor of the Debtor, by and through undersigned counsel, for its Objection to the Application for Payment of Administrative Expense of Stephen Fehrmann (Dkt No. 121) respectfully alleges as follows:

1. This case was commenced by voluntary petition filed by the Debtor originally under Chapter 11 on February 27, 2007 and converted to Chapter 7 on April 23, 2010.

2. Rock Bottom is an administrative creditor arising from its relationship as the post petition lender of the Debtor. Debtor is owed over $1,473,591.00 for amounts owing from the debtor in possession loan.

3. Stephen Fehrmann filed an Application for Payment of Administrative Expense on October 5, 2007 wherein Fehrmann requested the Court grant his application approving payment to Fehrmann in the amount of $19,400.50 for unpaid wages, $58,200.00 for treble damages, and $1,298.56 for unreimbursed expenses for a total amount of $78,899.06.

4. Rock Bottom objects to the administrative status of the Fehrmann claim on the basis that he has failed to show any benefit to the Estate. The motion fails to provide a sufficient

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102420-001/967704.doc

Case 2:07-bk-01628-GBN    Doc 520    Filed 07/06/10    Entered 07/06/10 17:08:47    Desc
Main Document     Page 1 of 3

evidentiary basis supporting a post-petition wage claim. The Debtor purportedly operated an aggregate mining operation at the Old Congress Mine in Congress, AZ. It is doubtful, however, that the Debtor ever really conducted any mining operations itself so how could it have employed any employees? The Debtor did not even own the mining claims it lists in its Schedules until the day before the Debtor filed bankruptcy and its statement of financial affairs provide that the Debtor did not make any payments of $5,000 or more to vendors or other parties within 90 days of filing bankruptcy revealing a lack of business operations. Instead, it appears the Debtor's parent – U.S. American Resources, Inc. ("USAR")- was removing and processing its primary asset--certain mining claims in the Congress Mine (the "Vineyard Tract")--on February 27, 2007; the same day the Debtor filed its Chapter 11 petition.

USAR purchased the Vineyard Mine Claims from Vineyard Office Plaza, L.L.C. ("Vineyard") in August 2006. USAR financed the purchase through a carry-back note to Vineyard secured by a deed of trust against the Vineyard Tract. USAR defaulted on the note and Vineyard initiated a trustee's sale of the Vineyard Tract set for February 28, 2007. The two days before the trustee's sale, on February 26, USAR deeded the Vineyard Tract to the Debtor, and then filed its Chapter 11 petition on February 27. Then, shortly after the filing, the Debtor ceased any operations and has not operated any business operations that have generated any revenue whatsoever. Thus, it is most likely that the movant either worked for USAR and not the debtor and the alleged administrative claim is invalid.

5. Rock Bottom also objects, if the movant has any claim at all, to treble damages that A.R.S. Section 23-355(A) only allows recovery for treble damages in a civil action against an employer and not as a part of a bankruptcy proceeding in a federal bankruptcy court.

6. The party claiming entitlement to Section 503 administrative priority bears the burden of proof. *In re Amarex*, 853 F.2d 1526, at 1530 (10th Cir.1988).

For all of the above reasons, Rock Bottom respectfully requests the Court deny said Application.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102420-001/967704.doc

RESPECTFULLY SUBMITTED this 6th day of July, 2010.

GORDON SILVER

By _____
    Thomas E. Littler, Esq.
    Robert C. Warnicke, Esq.
    40 N. Central Avenue, Ste. 2100
    Phoenix, Arizona 85004
    Attorneys for Rock Bottom, LLC

**COPY** of the foregoing mailed this 6th day of July, 2010, to

James F. Kahn
James F. Kahn, P.C.
301 E. Bethany Home Rd., Suite C-195
Phoenix, AZ 85012-1266
Attorney for Stephen Fehrmann
James.Kahn@azbar.org

Joyce W. Lindauer, Esq.
Joyce W. Lindauer, Attorney at Law
8140 Walnut Hill Lane, Suite 301
Dallas, Texas 75231
Attorney for Debtor/Debtor-In-Possession
E-mail: joyce@joycelindauer.com

Office of the U. S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706

Christopher H. Bayley, Esq.
Andrew A. Harnisch, Esq.
Snell & Wilmer, LLP
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004

Adam B. Nach, Esq.
Lane & Nach, PC
2025 N. Third Street, Ste. 157
Phoenix, Arizona 85004
Attorney for U. S. Trustee

By _____

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102420-001/967704.doc

3

Case 2:07-bk-01628-GBN    Doc 520    Filed 07/06/10    Entered 07/06/10 17:08:47    Desc
Main Document    Page 3 of 3